D. D., a Juvenile, Petitioner-Appellant,

v.

Honorable Bill WHITE, District Attorney of Bexar County, Texas, et al., Respondents-Appellees.

No. 80–2341
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

July 16, 1981.

Cobb, Thurmond & Clark, Earle Cobb, Jr., San Antonio, Tex., for petitioner-appellant.

Mark White, Atty. Gen., Nancy M. Simonson, Asst. Atty. Gen., Austin, Tex., for respondents-appellees.

Before BROWN, POLITZ and TATE, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

■ The petitioner, a juvenile whose probation was revoked, appeals from an order denying application for writ of habeas corpus. The District Court, relying upon 28 U.S.C.A. § 2254(b), dismissed the petition because all state remedies available to petitioner were not exhausted prior to application for writ of habeas corpus. As to petitioner's claims of (i) double jeopardy, (ii)

failure of due process and right to confront witnesses, and (iii) concealment by prosecutor and others of material evidence, the record clearly reveals that the petitioner has not exhausted his state remedies. The District Court, therefore, properly dismissed those claims.

■ On the petitioner's claim of denial of his Sixth Amendment right to a speedy trial, however, it appears that petitioner has technically exhausted state remedies by his application for a writ of mandamus and, in the alternative, writ of habeas corpus, in the appropriate Court of Civil Appeals (unpublished order).[1] Following denial there, petitioner pursued his complaint regarding speedy trial to the Texas Supreme Court where leave to file the petition was denied. Despite this apparent exhaustion of state remedies on the single issue of speedy trial, the District Court's dismissal of the "mixed" petition remains proper in this Circuit.[2]

■ The petitioner also claims that, because an attorney was not appointed or available after discharge of his first attorney, the judgment against him has now become final. The petitioner concludes that all state remedies to his claims are thereby exhausted. We are unpersuaded by this reasoning.

At the present time, we need not address the issues raised in the respondent's brief regarding (i) whether speedy trial requirements are applicable to juvenile probation

revocations, (ii) the proper respondent(s) in this petition, or (iii) the merits of petitioner's various contentions. The District Court acted properly in dismissing without prejudice the petitioner's application for writ of habeas corpus because of petitioner's failure to exhaust available state remedies.

AFFIRMED.

---

1. Concerning habeas for juvenile delinquents, see *In re Torres*, 476 S.W.2d 883 (Tex.Civ.App. —El Paso 1972, no writ); *see also* Comment, *State Habeas Corpus for Juvenile Delinquents in Texas*, 12 Hous.L.Rev. 1126, 1132–49 (1975).

2. *Galtieri v. Wainwright*, 582 F.2d 348, 355 (5th Cir. 1978) (en banc).

The policy in this Circuit is that a federal district court must dismiss without prejudice a "mixed" petition for a writ of habeas corpus filed by a state prisoner. A "mixed" petition is one that asserts both exhausted claims and unexhausted claims that do not fit an exception to the exhaustion doctrine; that is, some of the claims have not been presented to the state court system so that the custodial state has not yet had an opportunity to

correct all of the alleged constitutional errors.

*Id.* (citations omitted). Although there are exceptions to this policy, such as absence, futility, or inefficiency of state remedies, *see id.* at 354–55 n.13,

[c]onsiderations of comity, avoidance of piecemeal litigation, economy of judicial energy, and the fullest consideration of a petitioner's claims are best served if all of a petitioner's claims are presented to the state court system at one time. If he is not afforded relief, then he may petition the federal court for a review of all his claims. The goal is to have a petitioner travel through each system only once, at most, in his quest for vindication of alleged constitutional errors. *Id.* at 356.