**Lydia Echevarria RODRIGUEZ, Plaintiff,**

v.

**WARDEN, ESCUELA INDUSTRIAL DE MUJERES, VEGA ALTA PUERTO RICO, Defendant.**

Civ. No. 91–2325 (JP).

United States District Court, D. Puerto Rico.

May 5, 1992.

Armando Cardona Estelritz, Isidro García Pesquera, Río Piedras, P.R., Luis F. Abreu Elías, Sarah Torres Peralta, Hato Rey, P.R., Héctor Lugo Bougal, Ponce, P.R., for plaintiff.

Hjalmar Flax, Dept. of Justice, Federal Litigation Div., San Juan, P.R., for defendant.

## OPINION AND ORDER

PIERAS, District Judge.

The Court has before it petitioner's request for habeas corpus relief from a state court conviction, pursuant to 28 U.S.C. § 2254. We are unable to review the merits of the habeas petition at this time, because the petitioner has failed to exhaust all state court remedies. Consequently, the Court shall dismiss the petition without prejudice, for the reasons that follow.

Title 28 U.S.C. § 2254(b) provides that federal habeas corpus relief may not be granted "unless it appears that the applicant has exhausted the remedies available in the courts of the State...." The Commonwealth of Puerto Rico courts provide for appellate relief in addition to state habeas corpus post conviction relief. In the instant case, the petitioner filed a "Writ of Habeas Corpus and New Request for Reconsideration in View of Denial of Due Process of Law in the Case at Bar" (Exhibit C to Respondent's Return) in the state criminal appellate court at the same time that the following motions were pending before the same court: "Fourth Motion for Reconsideration", (Exhibit A to Respondent's Return); "New Reconsideration of Sentence Issued June 28, 1991 by Honorable Presiding Judge Pons Núñez" (Exhibit B to Respondent's Return). In addition, the petitioner filed a "Complimentary Motion to Motions for Reconsideration filed before this Honorable Court" (Exhibit D to Respondent's Return) in the state criminal appellate court five days after its habeas-like motion was filed in the same court.

■ The Court notes from the outset that the request for habeas corpus relief is a collateral civil action, and that the mechanisms for obtaining state habeas relief are dictated by 34 L.P.R.A. § 1741. There is a serious question as to whether the petitioner's state level motion entitled "Writ of Habeas Corpus and New Request for Reconsideration in View of Denial of Due Process of Law in the Case at Bar", is an effective request for state habeas relief at all. As the motion was filed with many other motions for reconsideration before the state criminal appellate court, it may well have been a mere additional request for reconsideration (mislabeled though it were). Indeed, the state criminal appellate court disposed of all the motions at one time as if they were all motions for reconsideration properly before it. Furthermore, a "Motion Under Criminal Procedure Rule 192.1" must be filed before a state court judge may consider a habeas petition. 34 L.P.R.A. § 1741(c).

A Rule 192.1 Motion does not appear to have been filed during the state court proceedings. If the "Writ of Habeas Corpus and New Request for Reconsideration in View of Denial of Due Process of Law in the Case at Bar" was not a true petition for habeas corpus relief, then the petitioner's present petition before this Court must be dismissed for failure to exhaust state remedies. *Jennison v. Goldsmith*, 940 F.2d 1308 (9th Cir.1991) (to exhaust state law remedies within meaning of federal exhaustion requirement habeas petitioner had to avail himself not only of whatever appeals he was entitled to as a matter of right but any discretionary remedies available).

■ In the alternative, if the "Writ of Habeas Corpus and New Request for Reconsideration in View of Denial of Due Process of Law in the Case at Bar," effectively was a request for state habeas relief, then we must confront the issue of reviewing a habeas petition which contains exhausted and unexhausted claims. Specifi-

cally, the state habeas petition focuses upon the due process violation of the delayed state appellate proceedings, whereas the federal habeas petition includes four other bases for relief. The United States Supreme Court case of *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982) restricts the federal court from considering habeas petitions which contain mixed claims—the combination of those claims that have satisfied the exhaustion requirement, with those claims which have not. For a claim to be exhausted for habeas corpus purposes, the state court system must have been apprised at the appropriate level, of the facts and legal theories upon which the petitioner bases her assertions. *Duckworth v. Serrano*, 454 U.S. 1, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981); *Garcia v. Ramirez*, 337 F.Supp. 39 (D.C.P.R.1971). Where mixed claims require the dismissal of the habeas petition, it is appropriate for the district court to dismiss the case without prejudice. *D.D. v. White*, 650 F.2d 749 (5th Cir.1981).

It is now for the state court to decide whether the petitioner is procedurally barred from presenting a subsequent petition for state habeas relief. *Meadows v. Legursky*, 904 F.2d 903 (4th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 523, 112 L.Ed.2d 534 (1990). A state procedural bar would in turn bar the petitioner from federal habeas relief, unless the petitioner could demonstrate cause for the procedural default and actual prejudice. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Schlup v. Armontrout*, 941 F.2d 631 (8th Cir.1991).

In conclusion, the petitioner has prematurely filed the instant request for federal habeas corpus relief. She must file a petition for habeas corpus relief with the state court. If the state petition is then procedurally barred, the newly filed federal petition will have to demonstrate cause and actual prejudice for the state procedural default, before the merits of the federal petition can be evaluated. Wherefore, in view of the foregoing, the instant petition for habeas corpus is hereby DISMISSED without prejudice. Judgment shall be entered accordingly.

IT IS SO ORDERED.