Jose L. CAMACHO, Plaintiff

v.

COMMONWEALTH OF PUERTO RICO, Defendant

No. 03–1559(JP).

United States District Court, D. Puerto Rico.

Aug. 26, 2004.

José L. Camacho (Pro Se), Lajas, PR, for Plaintiff.

Ana M. Margarida–Juliá, Esq., Department of Justice, Commonwealth of Puerto Rico, San Juan, PR, for Defendant.

### OPINION AND ORDER

PIERAS, Senior District Judge.

## I. INTRODUCTION

The Court has before it the Commonwealth of Puerto Rico's ("Defendant's") "Motion to Dismiss Pursuant to Fed Civ Rule 12(B)(1)" dated June 14, 2004 (**docket No. 9**). In such motion, Defendant requests the dismissal of Mr. José L. Camacho's ("Plaintiff's") "Petition for Writ of Habeas Corpus" dated April 29, 2003 (docket No. 1) because Plaintiff has allegedly failed to exhaust state remedies prior to bringing forth his § 2254[1] habeas corpus petition. The Court hereby **GRANTS**[2] Defendant's motion and **DISMISSES** Plaintiff's petition **WITHOUT PREJUDICE.**

## II. FACTUAL BACKGROUND

This case relates to various unfortunate procedural mishaps related to the Commonwealth of Puerto Rico case *Pueblo v. José L. Camacho*, Ind. No. VPAD 2–0469, 0470, 0471. Plaintiff was arrested on September 13, 2002 for an alleged criminal act and sent to a correctional institution. On December 5, 2002, the Honorable Superior Court Judge Ramón E. Febus Bernardini, held a preliminary hearing and found no probable cause. Judge Bernardini ordered Plaintiff's release from custody on December 10, 2002 and the order was faxed to the correctional institution on the same date. Plaintiff was released accord-

---

1. 28 U.S.C. § 2254.

2. The Court will, however, grant the motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) rather than under Rule 12(b)(1) for the reason set forth below.

ingly. Defendant left Puerto Rico for New York on December 11, 2002.

District Attorney José M. Delgado was not satisfied with Judge Bernardini's determination and submitted a motion for a second preliminary hearing. The motion was granted and an Order for Plaintiff to appear on January 9, 2003 was signed by the Hon. Judge Elmeryl Cuerda Acevedo on December 13, 2002. The notice to appear was faxed on December 11, 2002 (at 4:36 p.m.) to the jail where Plaintiff had been held under custody. Plaintiff had already been released, so he did not attend the January 9, 2003 hearing.

On January 15, 2003, a hearing to determine whether Plaintiff had been issued a notice to appear was held in Plaintiff's absence. During such hearing, Superior Court Judge Milán ordered the arrest of Plaintiff for failure to appear on January 9, 2003.

Detective John Lazzara, was notified by Commonwealth authorities that Plaintiff was a fugitive and Plaintiff was arrested on January 23, 2003 under warrant No. 03–558. He was put in the Passaic County Jail in New Jersey. He appeared in front of the Honorable Superior Court Judge Marilyn Clark on January 28, 2003. On March 24, 2003, the Governor of the Commonwealth issued a warrant for Plaintiff to be brought back to Puerto Rico.

Plaintiff has filed this petition for writ of habeas corpus to raise (i) that the warrant for his arrest was invalid because he never received the notice to appear for the second preliminary hearing (as a corollary, he is suggesting that proof that he did receive the notice must have been fabricated) and (ii) that the Governor's warrant is invalid because it does not have the requisite authentication seal. Defendant is requesting the dismissal of such petition because

Plaintiff has allegedly failed to exhaust state remedies prior to reaching the federal forum.

## III. LEGAL FRAMEWORK AND ANALYSIS

### A. Motion to Dismiss

Defendant is requesting that the Court dismiss Plaintiff's § 2254 habeas corpus petition because there is lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). The Court may not grant the dismissal under Rule 12(b)(1). The resolution of this petition for habeas corpus *at this time* hinges upon the question of whether Plaintiff has exhausted state remedies prior to filing the petition,[3] and "[t]he exhaustion of state remedies in a federal habeas corpus proceeding is *not* jurisdictional; rather, it is a matter of federal-state comity." *Choice v. Pennsylvania Bd. of Parole,* 448 F.Supp. 294, 296 (D.C.Pa., 1977) (*emphasis added*) (citing *Preiser v. Rodríguez,* 411 U.S. 475, 491, 93 S.Ct. 1827, 36 L.Ed.2d 439(1973); *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Fay v. Noia,* 372 U.S. 391, 419–420, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). However, the Court may analyze (and dismiss) the petition under Rule 12(b)(6). Such rule allows the Court to dismiss a case for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). See *Lazarrus v. Shettle,* 1988 WL 492345 (N.D.Ind., 1988).

In its analysis of the motion to dismiss, the Court is required to construe all well-pleaded factual allegations of Plaintiff as true and to resolve all inferences which flow from these facts in his favor. *California Motor Transport Co. v. Trucking Unlimited,* 404 U.S. 508, 515, 92 S.Ct. 609, 30 L.Ed.2d 642 (1972). *See also Rumford Pharmacy v. City of East Providence,* 970

---

3. This habeas corpus requirement will be discussed below.

F.2d 996, 997 (1st Cir.1992). The Court has accepted all of Plaintiff's facts as true in order to analyze this petition. See **Factual Framework** above.

### B. Habeas Corpus

A petition for writ of habeas corpus may be brought forth by a person in custody pursuant to the judgment of a State court, if such custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Such writ may not be granted unless the petitioner satisfies certain requirements including, showing (i) that he or she has exhausted the remedies available in the courts of the State, (ii) that there is an absence of available State corrective process or (iii) that circumstances exist that render such process ineffective to protect his or her rights. 28 U.S.C. § 2254(b)(1).

In this case, Plaintiff has not alleged that the circumstances described in clauses (ii) and (iii) above are applicable, so the Court will discuss clause (i): Plaintiff must have exhausted all available state remedies. See *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). *See also Rodríguez v. Warden, Escuela Indus. De Mujeres*, 791 F.Supp. 41 (D.P.R., 1992). The exhaustion of remedies requirement allows "the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Toulson v. Beyer*, 987 F.2d 984, 986 (3rd Cir.1993) (citing *Vasquez v. Hillery*, 474 U.S. 254, 257, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986)) (additional citations omitted). The habeas petitioner bears the burden of proof with respect to the exhaustion of available state remedies. See *Landano v. Rafferty*, 897 F.2d 661, 668 (3rd Cir.), *cert. denied*, 498 U.S. 811, 111 S.Ct. 46, 112 L.Ed.2d 23 (1990); *Santana v. Fenton*, 685 F.2d 71, 73 (3rd Cir.1982), *cert. denied*, 459 U.S. 1115, 103 S.Ct. 750, 74 L.Ed.2d 968 (1983).

Plaintiff has narrated a series of events that unfortunately led to the issuance of a warrant for his arrest and to his subsequent arrest and ultimate incarceration in the State of New Jersey. Even though Plaintiff's story is certainly compelling, the Court is not in a position to evaluate the merits of his petition for habeas corpus at this time. There is not a single fact or claim in Plaintiff's petition that would show that Plaintiff has even attempted to pursue state remedies, let alone exhaust them. Therefore, the Court will dismiss Plaintiff's petition without prejudice. Since the exhaustion of remedies requirement does not usually foreclose, but only postpones, federal relief (*see Toulson*, 987 F.2d at 986), Plaintiff is encouraged to seek and exhaust state remedies as soon as possible.

### IV. CONCLUSION

The Court hereby **GRANTS** Defendant's motion (**docket No. 9**) and **DISMISSES** Plaintiff's petition **WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**