[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 99-1173
No. 99-1883

CHRISTOPHER J. HIGHTOWER,

Plaintiff, Appellant,

v.

GEORGE A. VOSE, ET AL.,

Defendants, Appellees.

---

APPEALS FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Mary M. Lisi, U.S. District Judge]

---

Before

Selya, Circuit Judge
Campbell, Senior Circuit Judge,
and Boudin, Circuit Judge.

---

Christopher J. Hightower on brief pro se.
Michael B. Grant on brief for appellees.

---

October 30, 2000

---

**Per Curiam**. Christopher J. Hightower appeals pro se from a judgment entered in favor of various officials at the Rhode Island Adult Correctional Institutions following a bench trial, as well from the denial of a post-judgment motion pursuant to Fed. R. Civ. P. 60(b). The claims that went to trial stem from events that occurred in 1993 when Hightower was a pretrial detainee. Hightower alleged that prison officials violated his rights under the First Amendment by disciplining him in retaliation for expressing an intent to file a grievance. He further alleged that his disciplinary hearing did not comport with the due process requirements of the Fourteenth Amendment. Hightower also alleged several state claims. The district court concluded that Hightower failed to meet his burden as to each of these claims. We affirm.

Hightower's main argument is that the district court erred in its factual finding of no retaliation. We review a district court's factual findings for clear error. See Fed. R. Civ. P. 52(a). Our deference is even greater where, as here, the factual findings are based on credibility determinations. See Anderson v. City of Bessermer City, 470 U.S. 564, 575 (1985); United States v. Rostoff, 164 F.3d 63, 71 (1st Cir. 1999). In such cases,

"error is seldom considered 'clear' unless the credibility assessments were based on testimony which was inherently implausible, internally inconsistent, or critically impeached.'" Keller v. United States, 38 F.3d 16, 25 (1st Cir. 1994).

We discern no clear error here. Contrary to Hightower's suggestion, we are not persuaded that the testimony of prison officials was critically impeached at trial. Nor do we think that Hightower's late-filed list of "punishable conduct," attached to the Rule 60(b) motion, demonstrates that defendant Yahn lied or that the disciplinary board must have acted from an improper motive in finding him guilty of threatening (but not guilty of swearing). In this regard, we note that the text of disciplinary rule (d)-- governing both swearing and threatening--is arguably ambiguous, and Yahn's stated interpretation is not obviously wrong. Under the circumstances, we also find no abuse of discretion in the denial of the Rule 60(b) motion. See Ahmed v. Rosenblatt, 118 F.3d 886, 891 (1st Cir.1997) (denial of Rule 60(b) motion reviewed for abuse of discretion), cert. denied, 522 U.S. 1148 (1998).

We have carefully considered Hightower's remaining arguments and find them to be without merit. The district court considered the proffered testimony of Janet Speck. The proffered evidence would have been insufficient reason to set aside the district court's factual findings even if it had been introduced. Hightower makes no persuasive argument that the district court erred in concluding that he failed to prove his due process claim, and he makes no argument at all directed at his state law claims.

Affirmed.