[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 00-1567

DAVID MICHAUD,

Plaintiff, Appellant,

v.

TINA NADEAU; MICHAEL MCQUADE; WAYNE PERREAULT; PETER K. ODOM;
SUSAN G. MORRELL; DIANE DUBAY; FRANK GAGNON; LINDA MICHAUD;
STEPHANIE NUTE; PETER FAUVER; BRUCE MOHL; EDWARD
FITZGERALD, III; DAVID FUNK; WARREN DOWALIBY; SANDRA
HODGE-FUNK; KEVIN SULLIVAN; DELLA ROLLINS; JAMES MCQUADE;
MARILYN ALLEN; RICHARD RENNER; DAVID H. BEDARD; FRED SERTA;
VICTORIA HEYL; SHAUNA MICHAUD; CHAD MICHAUD;
STRAFFORD COUNTY HOUSE OF CORRECTIONS;
ROCHESTER POLICE DEPARTMENT; AND CITY OF ROCHESTER,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Steven J. McAuliffe, U.S. District Judge]

Before

Selya, Circuit Judge,
Campbell and Bownes, Senior Circuit Judges.

David Michaud on brief pro se.
Donald E. Gardner, and Devine, Millimet & Branch on brief

for defendants-appellees Michael McQuade, Wayne Perreault, Rochester Police Department, and City of Rochester.

    Robert L. Hermann, Jr. and McNeill & Taylor, P.A. on brief for defendants-appellees Peter K. Odom, Susan G. Morrell, Diane Dubay, David Funk, Warren Dowaliby, Sandra Hodge-Funk, Kevin Sullivan, Della Rollins, James McQuade, Marilyn Allen, Richard Renner, David H. Bedard, Fred Serta, Victoria Heyl, and Strafford County House of Corrections.

———————————

February 28, 2001

———————————

**Per Curiam**. Pro se appellant David Michaud appeals from the dismissal of his complaint asserting violations of various criminal laws of the United States. In a report and recommendation dated March 8, 2000, Magistrate Judge James Muirhead recommended dismissal for failure to state a claim for relief. See 28 U.S.C. § 1915A(a) & (b) (providing for dismissal on preliminary review of prisoner complaints against government officers or employees if the complaints do not state a claim for relief). In an order dated March 20, 2000, District Judge Steven McAuliffe approved the recommendation and dismissed the complaint.[1] We affirm.

On appeal, Michaud argues that his complaint adequately alleged a civil action under the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964(c). In his report, Magistrate Judge Muirhead concluded that the complaint failed to allege facts

---

[1]The district judge issued his order several days before Michaud filed his objections to the magistrate judge's report and recommendation. Because the record does not establish when Michaud received the report and recommendation (the date that would trigger the start of the filing period), we cannot evaluate whether the objections were timely. Accordingly, we give Michaud the benefit of the doubt, assume that he timely filed objections to the report, and proceed to evaluate his appellate claims.

sufficient to show a "pattern of racketeering activity."  We agree, as is explained next.

Michaud contends that the complaint alleged acts of mail fraud, extortion, and obstruction of justice.  See 18 U.S.C. § 1961(1)(B) (defining "racketeering activity" to include, in pertinent part, violations of 18 U.S.C. § 1341, pertaining to mail fraud, §§ 1503, 1510, and 1511, pertaining to certain obstructions of justice, and § 1951, pertaining to extortion).  But, even if we construe his complaint in the most generous fashion possible, he has alleged at best one predicate act of mail fraud (the alteration of mail sent to his daughter) with the requisite specificity.  Id. (5) (defining "pattern of racketeering activity" to require "at least two acts of racketeering activity" within a designated time frame); Ahmed v. Rosenblatt, 118 F.3d 886, 889 (1st Cir. 1997) (stating that a RICO complaint alleging mail fraud must, in conformity with Fed. R. Civ. P. 9(b), "state the time, place and content of the alleged mail . . . communications perpetrating that fraud"), cert. denied, 522 U.S. 1148 (1998); see also United States v. Martin, 694 F.2d 885, 889-90 (1st Cir. 1982) (noting that § 1341 extends to persons who "take or receive" things from the mail and affirming

-4-

conviction of defendant who had intercepted and altered mailings between insurance companies and purchasers pursuant to scheme to defraud).

As for the other alleged acts of mail fraud, the allegations in the complaint either lack the requisite specificity, see Ahmed, supra, or describe unrelated conduct that was unlikely to have continued for very long. See Efron v. Embassy Suites (Puerto Rico), Inc., 223 F.3d 12, 15 (1st Cir. 2000) (indicating that RICO plaintiff must show that the requisite racketeering acts are related and "amount to or pose a threat of continued criminal activity") (citing H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 239 (1989)), pet. for cert. filed (Dec. 29, 2000) (No. 00-1069). In addition, the complaint does not allege conduct by the defendants that would be indictable under the relevant extortion or obstruction of justice statutes. See Evans v. United States, 504 U.S. 255, 268 (1992) (holding that a violation under the "color of official right" portion of 18 U.S.C. § 1951 would require a showing "that a public official has obtained a payment to which he was not entitled, knowing that the payment was made in return for official acts"); O'Malley v. New York City Transit Authority, 896 F.2d 704, 708 (2d Cir. 1990) (rejecting RICO

claim predicated on obstruction of justice under 18 U.S.C. § 1503 where alleged obstruction occurred in state and not federal courts).[2]

Affirmed.

---

[2]The complaint also alleges obstruction of justice under 18 U.S.C. §§ 1510 and 1511, but fails to make any factual allegation suggesting any conduct that would be indictable under the plain language of the relevant statutes.