David M. VAN HORN, Plaintiff,

v.

TOWN OF CASTINE, Defendant.

No. CIV. 01–143–B–S.

United States District Court,
D. Maine.

Oct. 18, 2001.

David M. Van Horn, Castine, ME, pro se.

Mark V. Franco, Lisa Fitzgibbon Bendetson, Esq., Thompson & Bowie, Portland, ME, for defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

SINGAL, District Judge.

Presently before the Court is Defendant's Motion to Dismiss for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) (Docket # 2). Based on the following discussion,

the Court GRANTS the Motion and DISMISSES Plaintiff's Complaint.

## I. STANDARD OF REVIEW

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all of the Plaintiff's factual allegations and draws all reasonable inferences in favor of Plaintiff. *See, e.g., Bessette v. Avco Fin. Servs., Inc.*, 230 F.3d 439, 443 (1st Cir.2000). Dismissal is appropriate only if the Plaintiff cannot recover on any viable theory. *See, e.g., Blackstone Realty LLC v. F.D.I.C.*, 244 F.3d 193, 197 (1st Cir. 2001). When a Plaintiff appears *pro se*, the Court will make an effort to construe the complaint liberally. *See, e.g., Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

Applying the above standard, the Court adopts the following facts as true for the purposes of this Order:

## II. BACKGROUND

Plaintiff David M. Van Horn, appearing pro se, is a resident of Castine, Maine, where he owns a home. Pursuant to its Comprehensive Plan, the Town of Castine (the "Town") maintains a policy of protecting the historic character of Castine. To that end, in March 1994 the Town adopted the Castine Historic Preservation Ordinance (the "Ordinance" or "CHPO"). The Ordinance created an advisory body, the Castine Historic Preservation Commission (the "Commission"), to study, identify and recommend for designation "historic preservation districts" within Castine, and to review development within designated districts. The Town, at its discretion, may designate the historic preservation districts the Commission recommends by amending the Ordinance.

Property located within an historic preservation district is subject not only to generally applicable zoning laws, but also to special restrictions relating to reconstruction, alteration or demolition of buildings. In particular, a landowner who wishes to alter a structure within an historic preservation district must apply for and receive a "certificate of appropriateness" from the Commission. The Commission will grant a certificate only if the proposed change conforms to the "historical and architectural character of the building or structure," and is "visually compatible with the [historic preservation] district." *See* CHPO § 11.3.1. Although the Ordinance distinguishes between "contributing" (or historical) and "non-contributing" (or non-historical) structures, it subjects both to the Commission's permitting procedure. *Id.* at § 2.4. A denial by the Commission may be appealed to the Town's Board of Appeals.

In April 1995, the Town amended the Ordinance to designate an historic preservation district that included Mr. Van Horn's property. Over the following three years, Mr. Van Horn protested to a variety of the Town's agencies that the adoption of the Ordinance, and his home's inclusion in the district, were illegal. When his vociferations fell upon deaf ears, Mr. Van Horn and others circulated a petition calling for the repeal of the entire historic preservation district. This effort also failed. In the meantime, the Commission recommended that the Town amend the Ordinance again to bring an additional area of Castine within the historic preservation district. "Public opposition" to the amendment by owners of property within the potentially affected area led to its defeat. (Pl. Compl. ¶ 15 (Docket # 1).) To date, many historical buildings and landmarks in Castine (as defined by the criteria in the Ordinance for identifying such sites) have never been designated for preservation.

In February 2001, Mr. Van Horn sought permission from the Town to reconstruct his porch. As part of his building permit application, Mr. Van Horn requested a certificate of appropriateness from the Commission. The Commission denied the certificate out of concern over the building materials Mr. Van Horn proposed to use in the project. Mr. Van Horn appealed the decision to the Board of Appeals, but the Board found that it lacked jurisdiction.

On July 13, 2001, Mr. Van Horn filed suit in this Court, challenging the constitutionality of the Ordinance under the federal and state constitutions. The Complaint comprises seven counts. Count 1 alleges that the Town "discriminatorily" deprived Mr. Van Horn of normal use of his property. Counts 2 through 7 allege that the Town violated his "due process" rights by: adopting the Ordinance in violation of state law (Count 2); adopting the Ordinance even though it is "vague and ambiguous" (Count 3); adopting, amending and implementing the Ordinance in bad faith (Count 4); "unlawfully" amending the Ordinance to include the historic preservation district that contained his property (Count 5); drawing the boundaries of the district "arbitrarily and capriciously" (Count 6); and drawing the boundaries of the district "discriminatorily," so as to exclude objectively historical buildings and areas (Count 7). To remedy the Defendant's alleged unconstitutional acts, Plaintiff seeks relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, asking that the Court declare the Ordinance unconstitutional.

The Town moved to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6).

## III. DISCUSSION

### A. Plaintiff's Federal Claims

Plaintiff asserts his federal claims pursuant to 42 U.S.C. § 1983. To state a claim under section 1983, a Plaintiff must allege both that the action complained of was undertaken under color of state law, and that the action worked a deprivation of a right secured by the Constitution or laws of the United States. *See, e.g., Collins v. Nuzzo,* 244 F.3d 246, 250 (1st Cir.2001). There is no dispute in this case that Defendant acted under color of state law. Thus, to survive a motion to dismiss pursuant to Rule 12(b)(6), Plaintiff must allege that the Ordinance or its application to his property deprived him of a right secured by the Constitution or federal statute. The Court addresses each of Plaintiff's claims of constitutional deprivation below.

### 1. Plaintiff's Takings Claim

■ Count 1 of Plaintiff's Complaint alleges that the Ordinance "discriminatorily deprives Plaintiff of normal use of his property," in violation of the Fifth Amendment. (Pl. Compl. Count 1 (Docket # 1).) The Court understands this claim to be one for the taking of property without just compensation. To state a takings claim, a plaintiff must allege either that his property has been physically appropriated through condemnation or that a statute, ordinance or regulation has worked indirectly to deprive him of use or enjoyment of it. *See, e.g., First English Evangelical Lutheran Church v. County of Los Angeles,* 482 U.S. 304, 316–17, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987). If the latter so-called "inverse condemnation" is alleged, the plaintiff must further assert either that the legislation taking his property does not advance a legitimate government interest, or that it deprives him of all economically viable use of his property. *See, e.g., Nollan v. California Coastal Comm'n.,* 483 U.S. 825, 834, 107 S.Ct. 3141, 97 L.Ed.2d 677 (1987).

Plaintiff has not satisfied either pleading requirement for the following reasons: First, the Ordinance clearly furthers the

legitimate government purpose of protecting historic landmarks and features of the town of Castine. *See, e.g., Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104, 128–29, 98 S.Ct. 2646, 57 L.Ed.2d 631 (1978); *Mayes v. City of Dallas*, 747 F.2d 323, 324 (5th Cir.1984). Second, Plaintiff fails to assert any economic damage resulting from the adoption or enforcement of the Ordinance. Indeed, Plaintiff plainly concedes that he has suffered no economic consequences whatsoever. (Pl. Mem. of Law ¶ 4 (Docket # 3).) Therefore, Count 1 of Plaintiff's Complaint must be dismissed.

### 2. Plaintiff's Substantive Due Process Claims

■ Counts 2, 3, 4, 5, and 6 of Plaintiff's Complaint allege a variety of violations of Plaintiff's right to "due process" under the Fourteenth Amendment. Construing the Complaint liberally, the Court interprets Plaintiff's claims to allege that the adoption and implementation of the Ordinance were so fundamentally unfair, and such an abuse of the Defendant's power, that Plaintiff's constitutional rights were violated. In constitutional jargon, this is an allegation of violation of a Plaintiff's "substantive" due process rights, as opposed to his "procedural" due process rights. Whereas substantive due process rights guarantee fundamentally just and fair governmental action, *see, e.g., PFZ Properties, Inc. v. Rodriguez*, 928 F.2d 28, 31 (1st Cir.1991), procedural due process rights protect one's access to adequate process when deprived of a right in which one has a property interest. *See id.* at 30. Because Plaintiff has not made any claim that the Town denied him procedural protections during adoption of the Ordinance or the designation of the historic zoning district, the Court considers his Complaint only in the substantive due process context.

The First Circuit summarized the doctrine of substantive due process in *PFZ Properties:*

> The doctrine of substantive due process does not protect individuals from all [governmental] actions that infringe liberty or injure property in violation of some law. Rather, substantive due process prevents governmental power from being used for purposes of oppression, or abuse of government power that shocks the conscience, or action that is legally irrational in that it is not sufficiently keyed to a legitimate state interest.

928 F.2d at 31–32 (internal quotations omitted). The Court's review of Plaintiff's substantive due process claims is further narrowed by the First Circuit's opinion in *Creative Environments, Inc. v. Estabrook*, 680 F.2d 822 (1st Cir.1982). In *Creative Environments*, the court held that "[w]here a state has provided reasonable remedies to rectify a legal error by a local administrative body ... section 1983 is not a means for litigating the correctness of the state or local administrative decision in a federal forum." *Id.* at 832, n. 9. Only in cases where "gross abuse of power, invidious discrimination, or fundamentally unfair procedures" are present should the federal court become involved. *Id.; see also Sameric Corp. of Del., Inc. v. City of Philadelphia*, 142 F.3d 582, 596 (3rd Cir. 1998) (declining to "federalize routine land-use decisions").

Although *Creative Environments* was decided in the context of a municipality's denial of subdivision approval, its reasoning is equally apt in this case. Try as Plaintiff does to characterize his claims as constitutional, fundamentally his objection is that he is unable to develop his property in the manner he sees fit. The Ordinance provides Plaintiff ample opportunity to

pursue this grievance in a state court proceeding pursuant to Rule 80B of the Maine Rules of Civil Procedure. *See* CHPO § 14.4. Thus, to successfully state a claim for constitutional deprivation, Plaintiff must allege a "truly horrendous" case of governmental misconduct. *See Nestor Colon Medina & Sucesores, Inc. v. Custodio,* 964 F.2d 32, 45 (1st Cir.1992). A mere violation of state law, for instance, will not suffice. *See PFZ Properties,* 928 F.2d at 31; *Chiplin Enters., Inc. v. City of Lebanon,* 712 F.2d 1524, 1527 (1st Cir.1983) (stating that "it is axiomatic that not every violation of a state statute amounts to an infringement of constitutional rights").

Counts 2 through 6 do not state violations egregious enough to amount to constitutional claims. The alleged failures of the Ordinance to conform to the Comprehensive Plan, or of the delineation of the district to conform to the Ordinance, do not shock the conscience of the Court. Rather, they are a typical byproduct of the imprecise implementation of complex local legislation. By the same token, Plaintiff's allegations that the district was drawn arbitrarily and capriciously, that the Ordinance was implemented in bad faith, and that it is vague and ambiguous, are unavailing. It is understandable that Plaintiff is angry that his property has been burdened by a zoning regulation. However, if the Court allowed Plaintiff to argue that Defendant's alleged violations in drafting and applying the Ordinance amount to constitutional violations, it would be reduced to a zoning board of appeals. *See, e.g., Village of Belle Terre v. Boraas,* 416 U.S. 1, 13, 94 S.Ct. 1536, 39 L.Ed.2d 797 (1974).[1] Without alleging an egregious abuse of power, Plaintiff has not stated a claim for violation of substantive due process.

### 3. Plaintiff's Equal Protection Claim

■ Finally, Count 7 of Plaintiff's Complaint alleges a violation of the Equal Protection Clause of the Fourteenth Amendment. According to Plaintiff, the Commission's inclusion of his property within the historic preservation district disproportionately burdened him in relation to other similarly situated landowners whose properties were spared an historic designation. While this may be true, it does not rise to the level of a constitutional violation.

"If neither a fundamental right nor a suspect classification is involved in an Equal Protection Clause challenge, courts will uphold legislation that provides for differential treatment upon a mere showing of a rational relationship between the disparate treatment and a legitimate government objective." *Starlight Sugar, Inc. v. Soto,* 253 F.3d 137, 145 (1st Cir.2001); *see also City of Cleburne v. Cleburne Living Ctr., Inc.,* 473 U.S. 432, 440, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985) ("The general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest"). A classification will withstand rational basis scrutiny if it is rationally related to a legitimate state interest and is not arbitrary, unreasonable or irrational. *See LCM Enters., Inc. v. Town of Dartmouth,* 14 F.3d 675, 679 (1st Cir.1994). In other words, so long as a "plausible" justification is offered for the classification, the Court

---

1. The Court notes that Plaintiff describes Defendant's acts as "gerrymandering." While that is powerful rhetoric, the Court cannot agree with the characterization. Most zoning delineations, to some extent, isolate political minorities for the benefit of the entire community. If the Court were to allow Plaintiff to state a claim on those grounds alone, virtually every zoning designation ever made would be open to federal constitutional review.

will go no further in testing the validity of an ordinance. *See Starlight*, 253 F.3d at 145.

The ordinance challenged in this case does not affect a fundamental right, *see, e.g., Village of Belle Terre v. Boraas*, 416 U.S. 1, 7, 94 S.Ct. 1536, 39 L.Ed.2d 797 (1974), nor does it create a suspect classification. *See Cleburne*, 473 U.S. at 440, 105 S.Ct. 3249. Therefore, to state an Equal Protection claim, Plaintiff must allege that the placement of his property in an historic preservation district, to the exclusion of other similarly situated property, bears no rational relationship to the Town's legitimate interest in protecting Castine's historic character. Here, Plaintiff's entire allegation is that Defendant included Plaintiff's property in the original zoning district, while failing to expand the district to encompass many other historic sites in Castine due to public opposition.

In assessing the adequacy of this Equal Protection claim, the Court is guided by the tenet that "zoning is inescapably a political function." *See Sylvia Dev. Corp. v. Calvert County*, 48 F.3d 810, 828 (4th Cir.1995). In *Nestor Colon*, the First Circuit cited Judge Posner, who candidly observed that

> nothing is more common in zoning disputes than selfish opposition to zoning changes. The Constitution does not forbid government to yield to such opposition; it does not outlaw the characteristic operations of democratic ... government, operations which are permeated by pressure from special interests.

*Nestor Colon*, 964 F.2d at 46 (citing *Coniston Corp. v. Village of Hoffman Estates*, 844 F.2d 461, 467 (7th Cir.1988)). Because Plaintiff's only claim is that other owners of homes in Castine were more successful at opposing historic designation than he was, the Court cannot find that Plaintiff

has stated a claim for an Equal Protection violation. A local government's responsiveness to political pressure is neither arbitrary, nor unreasonable, nor irrational.

**B. Plaintiff's State Law Claims**

Because the Court finds that Plaintiff has failed to state any federal causes of action, it does not reach Plaintiff's state constitutional claims. *See* 28 U.S.C. § 1367(c)(3).

**IV. CONCLUSION**

For the reasons stated above, Defendant's Motion to Dismiss is GRANTED. The Court DISMISSES Plaintiff's federal causes of action WITH PREJUDICE.

SO ORDERED.