**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals

## For the First Circuit

---

No. 03-1119

UNITED STATES OF AMERICA,
Plaintiff, Appellee,

v.

ONE RURAL LOT #11, ETC. AND ONE RUSTIC PARCEL OF LAND, ETC.,
Defendants.

---

DANIEL RIVERA-RUIZ,
Claimant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

---

Before

Torruella, Circuit Judge,

Coffin, Senior Circuit Judge,

and Selya, Circuit Judge.

---

Joseph Deliz-Hernandez for appellant.
Isabel Muñoz-Acosta, Assistant United States Attorney, with whom H.S. Garcia, United States Attorney, and Miguel A. Fernández, Assistant United States Attorney, Chief, Civil Division, were on brief, for appellee.

---

March 18, 2004

---

**Per Curiam**.  On April 27, 1995, the United States filed a verified complaint for forfeiture of the defendant properties. Various claims were filed asserting rights to a portion of the properties, known as Property C, by heirs of either or both Manuel Rivera-Martir and Pura Ruiz-Fred, but all were stricken except for the claim of Daniel Rivera-Ruiz (Rivera).  Roughly seven years later, the government moved for summary judgment.  Fed. R. Civ. P. 56.

Rivera did not oppose the motion in a timeous fashion. When his counsel moved to withdraw, the district court granted the motion but instructed Rivera to retain new counsel within fifteen days and reminded him that the motion for summary judgment had been pending unopposed since January 16, 2002.  That court order, dated April 22, 2002, admonished Rivera that his failure to comply with these directives would result in the dismissal of his claim. Rivera did not comply.  Nor did he communicate with the court regarding any problem that he might have had either in attempting to retain new counsel or in mustering an opposition to the pending summary judgment motion.

On May 17, 2002, the district court noted these facts and entered an order dismissing Rivera's claim.  Thirteen days later, the court entered an order forfeiting Property C to the United States.  The case lay essentially dormant until November 6, 2002, at which time Rivera moved pursuant to Rule 60(b)(3) and 60(b)(6)

to vacate the judgment.[1]  The district court denied the motion. This appeal ensued.

We emphasize that this is not an appeal from the May 30, 2002, decree forfeiting Property C to the United States.  Rather, this is an appeal from the order denying Rivera's motion to vacate that judgment.  Because Rivera's motion invoked Fed. R. Civ. P. 60(b)(3) and 60(b)(6), the appropriate standard of review is abuse of discretion.  See, e.g., Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002); Ahmed v. Rosenblatt, 118 F.3d 886, 891 (1st Cir. 1997); Cotto v. United States, 993 F.2d 274, 277 (1st Cir. 1993).  Review is de novo, however, to the extent that the appeal involves purely legal issues.  Simon v. Navon, 116 F.3d 1, 2 (1st Cir. 1997).  In this instance, we discern neither an abuse of discretion nor an error of law.

To prevail under Rule 60(b)(3), a party must demonstrate that some alleged fraud or misconduct prevented him from fully presenting his side of the case and, thus, led to the entry of an adverse judgment against him.  See Karak, 288 F.3d at 20-21. Nothing of the sort occurred here:  Rivera litigated this case for approximately seven years, and he had ample opportunity to present his side of the story.  He appears to have frittered away the years

---

[1]Rivera also moved pursuant to Fed. R. Civ. P. 65(b).  That reliance is misplaced.  In all events, Rivera has not made a showing sufficient to satisfy the traditional four-part test for a temporary restraining order.  See, e.g., EEOC v. Astra USA, Inc., 94 F.3d 738, 742 (1st Cir. 1996).

in a seemingly endless series of negotiations. The district court, struggling to bring the case to a conclusion, exhibited great patience with Rivera.

As the denouement approached, the court maintained this attitude. It granted Rivera a reasonable period of time within which to retain new counsel and to file a long-overdue opposition to a pending motion for summary judgment. The court explicitly warned Rivera of the consequences of possible noncompliance. Rivera rewarded the court's patience with an unexplained failure to heed its warning.

The dismissal of Rivera's claim was due entirely to his own nonchalance. The record reveals no plausible basis for ascribing that adverse judgment to any fraud or misconduct on the government's part. Rivera's invocation of Rule 60(b)(3) is, therefore, unavailing.

By the same token, Rule 60(b)(6) does not assist Rivera's cause. That rule constitutes a catchall, which only may be relied upon in exceptional circumstances and when none of the other five subsections of Rule 60(b) applies. Ahmed, 118 F.3d at 891 n.9; Cotto, 993 F.2d at 278. In this case, Rivera's inaction was caused by his own neglect — a circumstance normally covered by Fed. R. Civ. P. 60(b)(1).[2] So viewed, Rivera's "attempt to garb [his]

---

[2]Rivera does not invoke that rule, presumably because his neglect was plainly inexcusable.

-4-

motion in the raiment of clause (6) runs aground on the bedrock principle that clause (6) may not be used as a vehicle for circumventing clauses (1) through (5)." <u>Cotto</u>, 993 F.2d at 278.

If more were needed — and we doubt that it is — relief under Rule 60(b)(6) is to be granted only in exceptional circumstances. Here, however, Rivera has failed to show that any exceptional circumstances exist. <u>See</u>, <u>e.g.</u>, <u>Dávila-Alvarez</u> v. <u>Escuela de Medicina Universidad Central del Caribe</u>, 257 F.3d 58, 62, 67 (1st Cir. 2001) (finding no exceptional circumstances when the movant was not faultless in the delay and the non-movant had not acted in bad faith); <u>Cotto</u>, 993 F.2d at 278-80 (similar; emphasizing that there was no indication of any impediment to movants' "ability to protect their interests in a timely manner"). Rivera's invocation of Rule 60(b)(6) is, therefore, doomed to failure.

We add an eschatocol of sorts. Rivera complains that the district court "punished" him too severely by dismissing his claim. Even if that issue is properly before us — a matter on which we take no view — Rivera's complaint is overblown. A party may not ignore a district court order with impunity. <u>See</u> <u>Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell</u> v. <u>Medfit Int'l, Inc.</u>, 982 F.2d 686, 692 (1st Cir. 1993). Here, where the district court explicitly warned Rivera of the likely consequences of noncompliance, the court acted well within its authority in

following through on its promise.  See Young v. Gordon, 330 F.3d 76, 83 (1st Cir. 2003).  After all, "[i]n an era of burgeoning case loads and thronged dockets, effective case management has become an essential tool for handling civil litigation."  Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 45 (1st Cir. 2002).

We need go no further.[3]  For the foregoing reasons, we summarily affirm the denial of Rivera's post-trial motion to vacate the forfeiture judgment.

**Affirmed**.

---

[3]Rivera devotes much of his brief to an attempt to relitigate the merits of the forfeiture decree.  But Rivera did not file a timely appeal from the entry of that decree; he appealed only the later denial of his motion for relief from judgment.  An appeal from an order denying a motion for relief from judgment neither brings the original judgment before the court of appeals nor resuscitates the appellant's lapsed right to appeal the original judgment.  See, e.g., Air Line Pilots Ass'n v. Precision Valley Aviation, Inc., 26 F.3d 220, 223-24 (1st Cir. 1994); Rodriguez-Antuna v. Chase Manhattan Bank Corp., 871 F.2d 1, 2 (1st Cir. 1989).  Consequently, we decline Rivera's invitation to plunge ourselves into the controversy concerning the chain of title.