**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 04-1287

JAMES H. HART,

Plaintiff, Appellant,

v.

VERIZON COMMUNICATIONS, INC., ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Rya W. Zobel, U.S. District Judge]

Before

Torruella, Lynch and Lipez,
Circuit Judges.

James H. Hart on brief pro se.
John P. McLafferty, Victoria Woodin Chavey and Day, Berry & Howard LLP on brief for appellees.

March 29, 2005

**Per Curiam**.  Pro se plaintiff-appellant James H. Hart ("Hart") appeals from a judgment entered after a jury verdict denying him relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), for his sexual harassment claim, alleging various trial errors.  Hart also appeals from the prior dismissal of his other claims.  We affirm.[1]

Hart, who was represented by counsel at trial, did not object to the alleged trial errors.  Accordingly, our review is only for plain error.  Microfinancial, Inc. v. Premier Holidays Int'l, Inc., 385 F.3d 72, 81 (1st Cir. 2004).  Hart first argues that the court erred by allowing defendant Verizon Communications, Inc. ("Verizon") to introduce evidence of Hart's conviction for operating a motor vehicle under the influence ("OUI").  In response to Hart's pre-trial motion to preclude use of this conviction, the court had initially limited Verizon's cross-examination to the facts of his OUI arrest and prohibited Verizon from eliciting the fact of his conviction.  In response to questions about his arrest, however, Hart volunteered that a juror had told him "You have grounds for a mistrial."  Hart later said that the arrest was upsetting but the trial "was vindication for me after what

---

[1] We do not address defendants' separate contention that Hart's appeal fails because of his brief's flagrant failure to comply with the procedural requirements of the Federal Rules of Appellate Procedure.  A pro se party is not insulated from complying with those rules.  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).  Because Hart's appeal lacks substantive merit, we elect to proceed on that basis.

happened." The court then permitted Verizon to inquire into the result of that trial, without objection from Hart's counsel. Because Hart opened the door to the actual result of his OUI trial, the court did not err in allowing the inquiry into his conviction. See, e.g., Beck v. Haik, 377 F.3d 624, 642 (6th Cir. 2004) (holding that testimony of drowning victim's mother that victim "wasn't convicted" when asked on cross-examination in civil rights action whether he had ever gotten into trouble opened door to question regarding whether victim had ever gone to prison). Hart also argues that the court erred by allowing evidence of a prior conviction for contempt. Verizon, however, never offered evidence of that conviction.

Hart next argues that the court erred by excluding the testimony and/or affidavits of certain present and former Verizon employees. Hart never called any of them as witnesses or sought to introduce any of their affidavits. Accordingly, there was no error. See, e.g., Andrews v. Bechtel Power Corp., 780 F.2d 124, 140 (1st Cir. 1985) (noting that claim of error cannot be predicated upon evidence which is never actually offered to court).

Hart further argues that the court erred in allowing an improper comment by the court's clerk. There is no record of this comment in the trial transcript. Nor did Hart ever bring it to the district court's attention. Thus, the court could not have erred

in failing to address an allegation articulated for the first time on appeal.

Hart also argues that the court violated his due process rights by dismissing his other claims prior to trial without holding a hearing, despite his request for oral argument. Hart contends that he should have been afforded a hearing because he was proceeding pro se at the time. A pro se plaintiff is not automatically entitled to a hearing. Here, Hart presented his position in writing in his opposition to defendants' motion to dismiss, and, more importantly, has not pointed to any relevant factual question or legal theory that he was precluded from bringing to the court's attention by lack of a hearing. Thus, this claim has no merit.

We add a few comments. Hart's brief makes vague, fragmentary and passing references to some other claims. We need not consider them. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (noting that issues raised in perfunctory manner are deemed waived). Also, Hart attaches to his brief a court order dismissing a second action against Verizon. This action was filed while the present case against Verizon was pending and dismissed on res judicata grounds after final judgment had entered in this case. Hart appealed from the dismissal of the second action, but the appeal was dismissed after he failed to file an opening brief.

-4-

While Hart appears to be seeking a second bite at the apple, that second action is not properly before us.

Hart's motion for oral argument is <u>denied</u>.

The judgment of the district court is summarily <u>affirmed</u>. <u>See</u> Loc. R. 27(c).