**Not for Publication in West's Federal Reporter
Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 04-2632

BEHZAD A. SAMIMI,

Plaintiff, Appellant,

v.

TYCO HEALTHCARE/LUDLOW/KENDALL-LUDLOW,
TECHNICAL PRODUCTS, LTP,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Michael A. Ponsor, U.S. District Judge]

Before

Boudin, Chief Judge,
Torruella and Howard, Circuit Judges.

Behzad A. Samimi on brief pro se.
Peter O. Hughes and Ogletree, Deakins, Nash, Smoak &
Stewart, P.C. on brief for appellee.

December 1, 2005

**Per Curiam**.  Plaintiff appeals from district court orders granting defendant's motion to dismiss the complaint and denying plaintiff's motion to reconsider the dismissal.[1]  Reviewing the dismissal of the complaint <u>de novo</u> in light of the record and the submissions on appeal, we see no error.  Plaintiff's complaint was properly dismissed for failure to state any cognizable claim.  There was no abuse of discretion in the denial of plaintiff's motion for reconsideration.

While plaintiff attempts to assert new claims and to present additional documents, because these matters were not brought to the attention of the district court, they cannot be considered on appeal.  <u>Evangelista</u> v. <u>Secretary of Health & Human Servs.</u>, 826 F.2d 136, 144 (1st Cir. 1987).  To the extent plaintiff argues that he should be permitted to amend the complaint, he did not file a motion to amend the complaint in the district court, and, in any event, has offered no reason to believe that an amendment might cure the defects in the complaint.  Plaintiff's allegation of judicial bias also was not raised in the district court and is meritless in any event.

<u>Affirmed</u>.  <u>See</u> 1st Cir. R. 27(c).

---

[1]We do not discuss defendant's separate contention that the appeal fails because of plaintiff's flagrant failure to comply with the procedural requirements of the Federal Rules of Appellate Procedure.  A <u>pro</u> <u>se</u> party is obligated to comply with procedural rules.  <u>Ahmed</u> v. <u>Rosenblatt</u>, 118 F.3d 886, 890 (1st Cir. 1997).  Because plaintiff's appeal lacks substantive merit, we elect to proceed on that basis.