Morneault v. Rochester, et al.      CV-04-171-SM  09/14/04
                  UNITED STATES DISTRICT COURT

                    DISTRICT OF NEW HAMPSHIRE


Stephanie S. Morneault,
Individually, as
Administratrix of the Estate
of Michael D. Morneault, and
as Mother and Next Friend of
Maggie May Morneault,
      Plaintiff

      v.                              Civil No. 04-171-SM
                                      Opinion No. 2004 DNH 138
City of Rochester, New
Hampshire; Rochester
Police Department; and
Officer Jamie Cormier,
      Defendants


                         O R D E R


      This suit was removed from the New Hampshire Superior Court.

Plaintiff has sued to recover for the death of Michael D.

Morneault.  Mr. Morneault was killed when the car he was driving

was struck by a van operated by a suspected drunk driver, who was

being pursued by Officer Jamie Cormier of the Rochester Police

Department.  Plaintiff has asserted claims for negligence (Counts

I-III), loss of consortium (Count V), and loss of familial

relationship (Count VI), as well as a claim under 42 U.S.C. §

1983 (Count IV).  Before the court is the City of Rochester's

motion to dismiss Count IV. Plaintiff objects. For the reasons given below, defendant's motion to dismiss is granted.

## Standard of Review

A motion to dismiss for "failure to state a claim upon which relief can be granted," FED. R. CIV. P. 12(b)(6), requires the court to conduct a limited inquiry, focusing not on "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). When considering a motion to dismiss under FED. R. CIV. P. 12(b)(6), the court must "accept as true the factual allegations of the complaint and construe all reasonable inferences therefrom in favor of [plaintiff]." Perry v. N.E. Bus. Serv., Inc., 347 F.3d 343, 344 (1st Cir. 2003) (citing Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 16 (1st Cir. 1998)). However, the court need not credit "claims that are made in the complaint if they are 'bald assertions' or 'unsupportable conclusions.'" United States ex rel. Karvelas v. Melrose-Wakefield Hosp., 360 F.3d 220, 224 (1st Cir. 2004) (quoting Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 18 (1st Cir. 2002)). Finally, "[a] district court may grant a 12(b)(c)

motion to dismiss for failure to state a claim upon which relief can be granted only if 'it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory.'" Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 145 (1st Cir. 2004) (quoting Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990)).

While section 1983 actions in this circuit are not subject to a heightened pleading standard, see Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 62 (1st Cir. 2004), they of course are subject to the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), under which "the complaint should at least set forth minimal facts as to who did what to whom, when, where and why – although why, when why means the actor's state of mind, can be averred generally." Id. at 68.

## Background

The relevant facts taken from plaintiff's complaint and assumed to be true, and the reasonable inferences drawn from those facts, are as follows.

3

The Rochester Police Department ("RPD") has adopted policies and procedures regarding high-speed vehicle pursuit. Those polices prohibit pursuits in excess of twenty miles per hour above the speed limit, require an officer in pursuit to exercise due care for the safety of others, and call for a high-speed pursuit to be abandoned when the risks of injury to the public outweigh the interests of swift apprehension. The RPD failed to properly train Officer Jamie Cormier and other RPD personnel in those policies and procedures, and failed to adequately enforce them. The RPD's failures in training and enforcement constituted a custom or practice that "shows a deliberate indifference to the constitutional rights of the members of the public, including Michael D. Morneault" (Compl., Count IV), an indifference that "should shock the conscience of the contemporary community" (id.). When engaged in a high-speed pursuit of Edward Byron, a suspected drunk driver, Officer Cormier failed to follow the RPD policies on high-speed pursuit and, as a result, Byron's van collided with a car driven by Michael D. Morneault, who sustained fatal injuries in the crash.

4

**Discussion**

The City of Rochester ("City") moves to dismiss on grounds that plaintiff has failed to allege facts which, if proven, would establish: (1) a violation of her constitutional rights; and (2) deliberate indifference on the part of the City in the training and supervision of its police officers. Plaintiff objects, categorically.

The United States Supreme Court recently addressed the subject matter of Count IV. It held that in the context of a high-speed police pursuit, "only a purpose to cause harm unrelated to the legitimate object of arrest will satisfy the element of arbitrary conduct shocking to the conscience, necessary for a due process violation." County of Sacramento v. Lewis, 523 U.S. 833, 836 (1998). The complaint in this case does not include an allegation that Officer Cormier acted with a purpose to cause harm unrelated to the legitimate object of arrest. Plaintiff attempts to overcome Lewis's requirement by arguing:

> In alleging that Officer Cormier acted with deliberate
> indifference to the constitutional due process rights
> of members of the public and in a manner which shocks

5

> the conscience of the community, the Plaintiffs have
> satisfied the requirement of Lewis that the officer be
> shown to have acted with an intent or purpose to cause
> harm unrelated to any legitimate police objective.
> Acting with the purpose of depriving members of the
> public their constitutional due process rights can
> reasonably be construed as acting with an intent or
> purpose to cause harm, unrelated to legitimate police
> objectives.

(Pl.'s Obj. to Def.'s Mot. to Dismiss ¶ 7.)  Plaintiff's argument is not persuasive, especially in light of the Court's extended explanation in Lewis of precisely why, in the context of a police pursuit, deliberate indifference is insufficient, as a matter of law, to establish a due process violation.  Id. at 848-54.  Here, plaintiff has failed to allege the state of mind necessary to a due process violation – purpose to cause harm.  Construing the state of mind actually pled, "deliberate indifference," as "purpose to cause harm," would go far beyond indulging a reasonable inference arising from plaintiff's factual allegations.  "Deliberate indifference" is simply not equivalent to "purpose to cause harm."  Because plaintiff has failed to allege facts sufficient to establish a constitutional violation, defendant is entitled to dismissal of Count IV.

6

On the facts alleged, the court also finds that it would be futile for plaintiff to attempt to amend the complaint to allege the requisite state of mind. State of mind may be averred generally, see Educadores, 367 F.3d at 68, but there must be some factual basis for the averment. It is certainly possible for a police officer to act with a purpose to cause harm to the object of his or her pursuit, but Mr. Morneault was not the object of Officer Cormier's pursuit, and nothing pled suggests any intent to cause harm to Byron, the suspected drunk driver. It is possible in theory to assert a police purpose to harm bystanders, but it would not be reasonable, on even the most generous reading of the facts alleged here, to infer that Officer Cormier acted with a purpose to harm either Mr. Morneault or Byron, or any other bystander. No allegation is made and no factual basis exists to infer that Officer Cormier knew there was a car on the road ahead of the suspect he was chasing, and intended to cause the eventual crash.

### Conclusion

For the reasons given, the City's motion to dismiss Count IV (document no. 5) is granted, as is its motion to dismiss the RPD

as a defendant (document no. 6), to which plaintiff does not object. Accordingly, the case now consists of Counts I, II, III, V, and VI, against two defendants, the City and Officer Cormier.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

September 14, 2004

cc: Gary Casinghino, Esq.
John P. Sherman, Esq.