# United States Court of Appeals
## For the First Circuit

No. 02-2544

JANICE R. PERRY,

Plaintiff, Appellant,

v.

NEW ENGLAND BUSINESS SERVICE, INC.; HARTFORD LIFE
INSURANCE COMPANIES, INC.; SETH A. CANTER;
GROUP LONG TERM DISABILITY INSURANCE BENEFITS FOR
EMPLOYEES OF NEW ENGLAND BUSINESS SERVICE, INC.,

Defendants, Appellees.

———————————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Rya W. Zobel, U.S. District Judge]

———————————

Before

Torruella and Lipez, Circuit Judges,
and Schwarzer,[*] Senior District Judge.

———————————

Bernard A. Kansky was on brief for appellant.
Richard L. Alfred, with whom Christopher A. Weals, was on
brief for appellees New England Business Service, Inc. and Seth A.
Canter.
David B. Crevier, with whom Theodore F. Glockner, was on
brief for appellees Hartford Life Insurance Companies, Inc. and
Group Long Term Disability Insurance Benefits For Employees of New
England Business Service, Inc.

———————————

October 23, 2003

———————————

[*]Of the Northern District of California, sitting by
designation.

**SCHWARZER, Senior District Judge**.  Janice R. Perry appeals the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) of her action to recover long-term disability benefits, statutory penalties, and attorneys' fees pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001-1461 ("ERISA").  Perry applied for but was denied disability benefits under the Group Long-Term Disability Plan ("Plan") maintained by her employer New England Business Service, Inc. ("NEBS") and insured by Hartford Life Insurance Companies, Inc. ("Hartford").  The district court dismissed the complaint because under the terms of the Plan only active full-time employees are eligible for benefits and Perry had been on a leave of absence for six years when she applied.  We must decide whether under the terms of the Plan an employee on leave of absence on account of a work-related injury ceases to be a participant in the Plan.

The district court had jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(a)(1)(B) and we have jurisdiction pursuant to 28 U.S.C. § 1291.  For the reasons discussed below we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On review of a motion to dismiss, we accept as true the factual allegations of the complaint and construe all reasonable inferences therefrom in favor of Perry.  See Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 16 (1st Cir. 1998).

Perry alleges that she became a full-time employee of NEBS on May 20, 1991, and vested under the Plan on September 16, 1991. She worked full time until October 15, 1992, when she became disabled by a hand injury for which she received workers' compensation benefits. Perry further alleges that although the hand injury initially rendered her disabled and unable to perform her usual duties, what has caused her to be totally and permanently disabled since October 1992 is her progressively worsening Type 1 Diabetes Mellitus of long duration and associated impairments. Perry applied for long-term disability benefits under the Plan on April 10, 1998, about the time when her workers' compensation benefits terminated. On March 25, 1999, Hartford denied Perry's appeal from its denial of benefits, stating that because "the injury that caused you to stop working was sustained at work, any resulting Disabling condition is excluded from coverage under [the policy]." By letter of April 27, 2001, counsel for NEBS concurred in Hartford's decision, stating that "the plan disqualifies from benefit eligibility all employees disabled due to work-related injury."

Perry filed this action on August 30, 2001.

## THE TERMS OF THE PLAN

The Plan provides long-term disability benefits to all "active full-time employees" of NEBS. Sec. I. The Plan states

that "you will be paid a monthly benefit if . . . you become Disabled while insured under this plan." Sec. V.

The Plan defines disability as "any nonoccupational accidental bodily injury . . . [or] nonoccupational sickness." Sec. II.

Under the Plan,

insurance will terminate on the earliest to occur of the following dates:
. . .
(5) the date your employment terminates or your eligibility for this plan terminates. Your eligibility terminates on the date you cease to be an Active Full-time Employee:
. . .
(b) due to temporary layoff, leave of absence or a general work stoppage (including a strike or lockout).

Sec. IV.

The Plan provides for continuation of insurance as follows:

If you are disabled and you cease to be an Active Full-time Employee, your insurance will be continued:
(1) during the Elimination Period[1] while you remain totally disabled by the same disability; and
(2) after the Elimination Period for as long as you are entitled to benefits under the Policy.

Sec. IV.

---

[1] The Elimination Period is the period of time an employee must be totally disabled before benefits become payable. Sec. II.

**DISCUSSION**

We review the district court's dismissal de novo. See Beddall, 137 F.3d at 16.

An action for benefits under a plan established under ERISA may be brought only by a "participant," defined as an employee who is or may become eligible to receive benefits under the plan. 29 U.S.C. §§ 1132(a)(1), 1002(7). Perry contends that the district court erred in holding that she was ineligible for benefits under the Plan.[2] She argues that while she was disabled and on a medical leave of absence for the injury to her hand, her status was protected as an active employee and therefore she was entitled to receive disability benefits.

Perry's argument flies in the face of the unambiguous terms of the Plan. Under Section IV an employee's "eligibility terminates on the date [she] cease[s] to be an Active Full-Time Employee . . . due to . . . leave of absence." Section IV provides that insurance will be continued if the employee is disabled and ceases to be an active full-time employee. But disability under the Plan is limited to nonoccupational injury or sickness. Thus,

---

[2]Perry's argument that the district court, in considering the terms of the Plan, improperly treated the motion to dismiss as one of summary judgment is not well-taken. Where, as here, "a complaint's factual allegations are expressly linked to—and admittedly dependent upon—a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)." Beddall, 137 F.3d at 17.

insurance will continue only if the employee is disabled due to a nonoccupational injury or sickness. Because, as alleged in the complaint, Perry worked full time until she became disabled by a work-related hand injury, her disability leave was the result of an occupational injury and thus had the effect of terminating her insurance and rendering her ineligible for continuation of coverage. Her application for benefits submitted in 1998 upon termination of her workers' compensation benefits was therefore properly rejected.

"Where, as here, the words of an insurance policy are plain, we will 'refrain from conjuring up ambiguities' and likewise 'abjure unnecessary mental gymnastics which give the terms of the policy a forced or distorted construction.'" Burnham v. Guardian Life Ins. Co., 873 F.2d 486, 490-91 (1st Cir. 1989) (quoting Taylor v. Aetna Cas. & Surety Co., 867 F.2d 705, 706 (1st Cir. 1989)). Giving the straightforward language in the Plan its natural meaning, see id. at 489, we conclude that the district court did not err in holding that Perry was not a participant and therefore failed to state a claim against Hartford or NEBS.[3]

---

[3]That NEBS may for other purposes have continued to regard Perry as an employee cannot alter the clear and unambiguous terms of the Plan. See Sprague v. General Motors Corp.,133 F.3d 388, 404 (6th Cir. 1998) (en banc); Miller v. Coastal Corp.,978 F.2d 622, 624 (10th Cir. 1992) (stating that "an employee benefit plan cannot be modified . . . by informal communications.")

Our conclusion that Perry ceased to be a Plan participant makes it unnecessary to address Perry's claim for breach of duty of disclosure and attorneys' fees.

## CONCLUSION

For the reasons stated, we affirm the judgment of the district court.

**AFFIRMED.**