Juan **ROMERO–HERNÁNDEZ**,
Petitioner,

v.

Judith **MATÍAS–DE LEÓN**,
et al., Defendants.

Civil No. 09–1234 (ADC).

United States District Court,
D. Puerto Rico.

June 24, 2011.

Juan Romero–Hernandez, Penuelas, PR, pro se.

Christian E. Pagan–Cordoliani, Puerto Rico Department of Justice, San Juan, PR, for Defendants.

### *OPINION AND ORDER*

AIDA M. DELGADO–COLON, Chief Judge.

Petitioner Juan Romero–Hernández filed the present *habeas corpus* petition pursuant to 28 U.S.C. § 2254 on March 10, 2009, attacking the judgment and sentence imposed by the Commonwealth of Puerto Rico Court of First Instance, Utuado Part ("Commonwealth Court"). **ECF No. 2.** Presently pending before this court is a motion to dismiss petitioner's § 2254 motion pursuant to Federal Rule of Procedure 12(b)(6) by defendants Judith Matías–De León, Warden, and Guillermo Somoza–Colombani, Commonwealth of Puerto Rico Secretary of Justice (collectively "defendants"). **ECF No. 65.**

## I. Background

The jury in the Commonwealth Court found petitioner guilty of murder in the first degree, conspiracy, violations of Articles 5.15, 5.04 and 5.05 of the Puerto Rico Arms Act, home burglary and car theft on April 7, 2006. **ECF No. 69–1 at 3.** Petitioner was subsequently sentenced on April 26, 2006 to ninety-nine years in prison for murder in the first degree, thirty years for home burglary, three years for conspiracy, eighteen years for car theft, ten years for the Article 5.15 Arms Act violation, twenty years for the Article 5.04 Arms Act violation and six .years for the Article 5.05 Arms Act violation, for a total of 153 years. **ECF No. 69–2 at 3.** The Commonwealth Court of Appeals affirmed the sentences on March 31, 2008. See *Pueblo De Puerto Rico v. González–Ra-*

*mos,* 2008 WL 2150941 (T.C.A.2008) (Spanish language only). The Commonwealth Supreme Court denied his petition for certiorari on August 29, 2008. **ECF No. 13–2 at 47.**

After a fruitless pursuit of appellate remedies in the state courts and a denial of certiorari from the Commonwealth Supreme Court, petitioner seeks *habeas corpus* relief in the federal forum. Petitioner filed, *pro se,* a *habeas corpus* petition with this court on March 10, 2009, attacking the state court's judgment on four grounds: 1) inadequate or ineffective assistance of counsel in violation of the Sixth Amendment; 2) denial of due process of law and the equal protections of the laws in violation of the Fourteenth Amendment; 3) fabrication of crimes cases by the Puerto Rican police and Prosecutor's office; and 4) jury contamination through prejudicial comments in violation of the Sixth Amendment. **ECF No. 2 at 11–13.**

On April 21, 2009, petitioner collaterally attacked the sentence imposed by the Commonwealth Court, requesting a new trial, via a Puerto Rico Criminal Procedural Rule 192.1 ("Rule 192.1") motion. **ECF No. 69–3.** An evidentiary hearing was held on November 2, 3 and 4, 2009. **ECF Nos. 69–7, 69–8.**

On March 30, 2011, defendants filed a motion to dismiss pursuant to Federal Rule of Procedure 12(b)(6), and petitioner opposed on April 7, 2011. **ECF Nos. 65 and 67.**

## II. Motion to Dismiss Under Fed. R.Civ.P. 12(b)(6)

■ Under Fed.R.Civ.P. 12(b)(6), the court "take[s] as true all well-pleaded allegations and draw[s] all reasonable inferences in the plaintiff's favor." *Ezra Charitable Trust v. Tyco Int'l, Ltd.,* 466 F.3d 1,

5–6 (1st Cir.2006); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *Maldonado v. Fontanes*, 568 F.3d 263 (1st Cir.2009). The overall assessment of the adequacy of a petitioner's pleading is guided by two principles. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1940. Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* (citing *Bell Atl. v. Twombly*, 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Whether a complaint states a plausible claim for relief is a context-specific task, where the court must "draw on its judicial experience and common sense." *Id.* "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id.* (citing Fed. Rule Civ. Proc. 8(a)(2)). After evaluating the allegations in the complaint, the court then determines whether the petitioner has stated a claim under which relief can be granted.

■■■ This court construes *pro se* pleadings liberally in favor of the *pro se* party. *Ayala–Serrano v. Lebrón González*, 909 F.2d 8, 15 (1st Cir.1990). "The policy behind affording *pro se* petitioners liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir.1997), *cert. denied* 522 U.S. 1148, 118 S.Ct. 1165, 140 L.Ed.2d 176 (1998). In this manner, the court ensures that *pro se* pleadings are duly provided a fair and meaningful consideration.

*See Eveland v. Dir. of C.I.A.*, 843 F.2d 46, 49 (1st Cir.1988).

## III. Discussion

■■■ Defendants' motion seeks dismissal of petitioner's *habeas corpus* petition, arguing that petitioner has not exhausted available state remedies prior to the filing of the *habeas* petition with this court. **ECF No. 65** at 2. In response, petitioner argues that he has exhausted all remedies available in the state courts by appealing his case and that he need not exhaust other state remedies available as alleged by the defendants. **ECF No. 67** at 3.

A petition for writ of *habeas corpus* may be brought by a person in custody pursuant to the judgment of a state court, if such custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). However, Section 2254(b)(1)(A) provides that an application for a writ of *habeas corpus* under said section shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 839, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) (finding that "[f]ederal *habeas* relief is available to state prisoners only after they have exhausted their claims in state court"). A petitioner shall not be deemed to have exhausted the remedies available in the state courts within the meaning of Section 2254, "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The current structure of the Puerto Rico *habeas corpus* relief statutes is quite similar to the federal framework provided by 28 U.S.C. §§ 2254 and 2255. *See* P.R. Laws Ann. tit. 34, §§ 1741 and 1742. A prerequisite to state *habeas corpus* relief is the filing and disposition of a motion pursuant to Puerto Rico Criminal Proce-

dure Rule 192.1. *Rodríguez v. Warden,* 791 F.Supp. 41, 42 (D.P.R.1992). As such, the prisoner must first seek post-conviction collateral relief under Rule 192.1, which provides that "[a]ny person who is imprisoned by virtue of a judgment rendered by any Division of the Court of First Instance and who alleges the right to be released because ... the sentence was imposed in violation of the Constitution or the laws of the Commonwealth of Puerto Rico or of the Constitution and laws of the United States ... may file a motion, in the part of the court which imposed the sentence, to vacate, set aside, or correct the judgment." P.R. Laws Ann. tit. 34, App. II, Rule 192.1. Thereafter, the order entered by the Commonwealth Court is appealable to the appeals court, and subsequently to the Supreme Court of Puerto Rico. *Id.* After said remedy has been exhausted, the prisoner must then seek *habeas* relief in the state courts prior to filing a petition for federal *habeas* relief. *Díaz–Castro v. Román–Román,* 683 F.Supp.2d 189, 192 (D.P.R.2010) *reconsideration denied,* CIV 09–1033(SEC), 2010 WL 2431633 (D.P.R. June 11, 2010); *see* P.R. Laws Ann. tit. 34, § 1741 ("No judge shall consider a writ of habeas corpus prosecuted by an inmate imprisoned by virtue of a final judgment which has not exhausted the remedy provided by Rule 192.1 of the [Puerto Rico] Rules of Criminal Procedure.").

In the present case, defendants argue that the *habeas corpus* petition should be dismissed to give the state courts an opportunity to review petitioner's alleged violations of his federal rights, since the Commonwealth Court has not made a ruling on petitioner's Rule 192.1 motion. **ECF No. 65** at 8. Petitioner opposes defendants' motion to dismiss, stating that he has exhausted all state remedies through "one complete round of state trial-appellate relief pursuant to direct trial, certiorari, pre-senting his federal constitutional claims to the Superior Court of Puerto Rico, the Puerto Rico Circuit Court of Appeals, and the Puerto Rico Supreme Court." **ECF No. 67** at 4. The record reflects that although petitioner has filed a state motion pursuant to Rule 192. 1, that motion is still pending in the Commonwealth Court. If petitioner is unsatisfied with the Commonwealth Court's eventual ruling on his Rule 192.1 motion, he may then appeal that ruling to the Commonwealth's Court of Appeals, and subsequently to the Supreme Court of Puerto Rico. After said state remedy has been exhausted, petitioner may seek *habeas* relief at the state court level before seeking federal *habeas* relief. Thus, petitioner has failed to exhaust all state remedies, depriving this court of jurisdiction over the present case. As such, this court must refuse petitioner's federal *habeas corpus* petition for failure to exhaust state remedies. Dismissal of petitioner's federal *habeas corpus* petition is without prejudice, however, because the exhaustion of state remedies requirements " 'does not usually foreclose, but only postpones federal relief.' " *Díaz–Castro,* 683 F.Supp.2d at 193. (quoting *Camacho v. Commonwealth of P.R.,* 343 F.Supp.2d 63, 65 (D.P.R.2004)).

## IV.   Conclusion

Based on the foregoing, defendants' Motion to Dismiss (**ECF No. 65**) is **GRANTED.** Petitioner's habeas corpus petition is **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED.**