In San Juan Puerto Rico this 25th day of October, 2012.

**Ramiro NAZARIO–BAEZ, Plaintiff,**

v.

**Margarita BATISTA, et als., Defendants.**

**Civil No. 14–1110 (FAB).**

United States District Court, D. Puerto Rico.

Signed July 1, 2014.

Ramiro Nazario–Baez, Ponce, PR, pro se.

Joseph G. Feldstein–Del Valle, Department of Justice, San Juan, PR, for Defendants.

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

■■■ A district court may refer a pending motion to a magistrate judge for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Loc. Rule 72(b). Any party adversely affected by the report and recommendation may file written objections within fourteen days of being served with the magistrate judge's report. Loc. Rule 72(d). *See* 28 U.S.C. § 636(b)(1). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *Ramos–Echevarria v. Pichis, Inc.,* 698 F.Supp.2d 262, 264 (D.P.R. 2010); *Sylva v. Culebra Dive Shop,* 389 F.Supp.2d 189, 191–92 (D.P.R.2005) (citing *United States v. Raddatz,* 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)). Failure to comply with this rule precludes further review. *See Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir.1992). *Borden v. Secretary of H.H.S.,* 836 F.2d 4, 6 (1st Cir.1987). In conducting its review, the court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(a), (b)(1); *Templeman v. Chris Craft Corp.,* 770 F.2d 245, 247 (1st Cir.1985); *Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc.,* 286 F.Supp.2d 144, 146 (D.P.R.2003). Furthermore, the Court may accept those parts of the report and recommendation to which the parties do not object. *See Hernandez–Mejias v. General Elec.,* 428 F.Supp.2d 4, 6 (D.P.R.2005) (citing *Lace-dra v. Donald W. Wyatt Detention Facility,* 334 F.Supp.2d 114, 125–126 (D.R.I. 2004)).

On May 19, 2014, the United States magistrate judge issued a Report and Recommendation ("R & R") (Docket No. 16), recommending that petitioner's motion for federal *habeas corpus* relief be dismissed for lack of jurisdiction. The parties had until June 30, 2014 to object to the R & R, and petitioner filed an objection on June 18, 2014. (Docket No. 19.)

The Court has made an independent examination of the entire record in this case and **ADOPTS** the magistrate judge's findings and recommendations.

Accordingly, petitioner's *habeas corpus* petition filed pursuant to 28 U.S.C. § 2254 (Docket No. 15) is **DISMISSED** for lack of jurisdiction.

This case is **DISMISSED with prejudice.**

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

*MAGISTRATE JUDGE REPORT AND RECOMMENDATION*

JUSTO ARENAS, United States Magistrate Judge.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Ramiro Nazario–Baez, a prisoner at the Commonwealth of Puerto Rico Maximum Security Institution in Ponce, and now petitioner in these proceedings under 28 U.S.C. § 2254, was convicted after a non-jury trial in the Commonwealth Court of First Instance, Humacao Part, of first-degree murder, weapons law violations and conspiracy. (Docket No. 2 at 4). He was sentenced on July 6, 2007 to a term of

imprisonment of 150 years by Honorable Bernardo Colon Barbosa. A petition for new trial under Rule 192.1 of the Puerto Rico Rules of Criminal Procedure was filed with the trial court and denied on March 4, 2010. In that motion, petitioner raised matters related to the failure of the prosecution to have provided him with exculpatory materials, as well as newly discovered evidence. The denial of the motion was appealed. Petitioner appealed the sentence and on June 12, 2012, the Puerto Rico Court of Appeals affirmed the judgment of conviction. (Docket No. 2 at 5). In the appeal, petitioner attacked court rulings regarding allegedly coerced testimony, as well as charging the trial court with incorrectly weighing the evidence. Certiorari was denied on September 12, 2012. (Docket No. 2 at 7).

This matter is before the court on pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by Ramiro Nazario–Baez on February 3, 2014. (Docket No. 2). He argues that after he was sentenced, a witness came forward and said he was coerced by the prosecutors, who paid him for his inculpatory testimony. He again argues that the prosecution failed to produce evidence favorable to the defendant, that is, that a witness was paid for his testimony.

Aside from the conviction in the Humacao court, petitioner was also sentenced in the Commonwealth court, Ponce Part, on March 1, 2013 to a term of imprisonment of two years. The charges there are unrelated to the subject of the petition. Petitioner does not attack the performance of his trial counsel nor does he allege that he received inadequate representation of counsel during the criminal proceedings.

Respondents Margarita Batista and The Commonwealth of Puerto Rico filed a motion to strike or dismiss the petition for habeas corpus on April 21, 2014. (Docket No. 15). Apart from noting that petitioner presents no substantive legal arguments upon which to base the petition, respondents argue that the petition is time-barred under 28 U.S.C. § 2244(d). (Docket No. 15 at 1–2, 5). Ultimately, respondents are correct and my report and recommendation reflects my concurrence with their terse argument.

## II. ANALYSIS

A federal court will consider an application for a writ of habeas corpus, when a petitioner asserts that his conviction is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a); *Lyons v. Brady*, 666 F.3d 51, 55 (1st Cir.2012); *Romero–Hernandez v. Matias–De Leon*, 796 F.Supp.2d 290, 292 (D.P.R.2011). "It is commonly said that 'mere' errors under state law in the admission of evidence are not recognizable under federal habeas review. This means that the question is not whether the admission of the evidence was state-law error, but whether any error rendered the trial so fundamentally unfair that it violated the Due Process Clause." *Kater v. Maloney*, 459 F.3d 56, 64 (1st Cir.2006); *Reyes v. Puerto Rico*, 977 F.Supp.2d 107, 108–09 (D.P.R.2013); *Collanzo v. Gerry*, 2010 WL 428960 at *3 (D.N.H. Jan. 29, 2010).

Title 28 U.S.C. § 2254(d) reads thus:

.(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)

Because petitioner appears pro se, his pleadings are considered more liberally, however inartfully pleaded, than those penned and filed by an attorney. *See Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); *Romero–Hernandez v. Matias–De Leon,* 796 F.Supp.2d at 292; *Proverb v. O'Mara,* 2009 WL 368617 at *1 (D.N.H. Feb. 13, 2009). Notwithstanding such license, petitioner's pro se status does not excuse him from complying with both procedural and substantive law. *See Ahmed v. Rosenblatt,* 118 F.3d 886, 890 (1st Cir.1997); *Ramirez–Burgos v. United States,* 990 F.Supp.2d 108, 120, 2013 WL 6869653 at *11 (D.P.R.2013). This includes a timely application for extraordinary relief. A review of the argument presented by petitioner does not reveal any allegations of a violation of any constitutional right which has not already been considered and resolved at the Commonwealth court level. Furthermore, it is clear that the petition falls to the defense of limitations. Therefore, I conclude that petitioner Ramiro Nazario–Baez is not entitled to extraordinary relief.

## A. RULE 12(b)(6), FEDERAL RULES OF CIVIL PROCEDURE

Respondents has moved under Fed.R.Civ.P. 12(b)(6) for dismissal of the complaint. Federal Rule of Civil Procedure 12(b)(6) allows for the dismissal of an action for "failure to state a claim upon which relief can be granted[.]" Fed. R.Civ.P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on

its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 547, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)); *Arroyo–Perez v. Demir Group Intern.,* 733 F.Supp.2d 322, 323 (D.P.R. 2010); *Reyes v. Puerto Rico,* 977 F.Supp.2d at 110–11; *Wallace v. State of New Hampshire,* 2010 WL 520904 at *1 (D.N.H. Feb. 9, 2010); *Legere v. Gerry,* 2010 WL 398960 at *1 (D.N.H. Jan. 27, 2010).

Further, "[i]n ruling upon a [Federal] Rule [of Civil Procedure] 12(b)(6) motion, the court must accept as true all the well-pleaded factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiff." *Marrero Gutiérrez v. Molina,* 447 F.Supp.2d 168, 172 (D.P.R.2006) (citing *Perry v. New England Bus. Serv., Inc.,* 347 F.3d 343, 344 (1st Cir.2003)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937 (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. at 555, 127 S.Ct. 1955); *see Llanos–Morales v. Municipality of Carolina,* 967 F.Supp.2d 507, 510 (D.P.R.2013). In a situation "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. at 679, 129 S.Ct. 1937 (quoting Fed. Rule Civ. P. 8(a)(2)); *Arroyo–Perez v. Demir Group Intern.,* 733 F.Supp.2d at 323.

Petitioner has presented conclusory statements related to matters which have been considered post conviction by the Commonwealth courts. They are

merely repeated in this court. There is no development of any argument for the court to discern entitlement to extraordinary remedy. " 'The general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief. . . . This short and plain statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' *Medina v. Toledo*, 718 F.Supp.2d 194, 201 (D.P.R. 2010) (quoting *Gargano v. Liberty Int'l Underwriters, Inc.*, 572 F.3d 45, 48 (1st Cir.2009))' ". *Luis Santiago v. Santiago*, 731 F.Supp.2d 202, 205 (D.P.R.2010). Certainly the petition is not lengthy. Nevertheless its subject matter has also been the subject matter of Commonwealth post-conviction relief proceedings and this court cannot act as another reviewing layer of the decisions of the Commonwealth courts. In any event, petitioner faces a greater redoubt in his quest for collateral relief.

## B. LIMITATIONS

The Antiterrorism and Effective Death Penalty Act instituted a limitations period of one year from the date on which a prisoner's conviction became final within which to seek federal habeas relief. *See Pratt v. United States*, 129 F.3d 54, 58 (1st Cir.1997); *Diaz–Castro v. Roman–Roman*, 683 F.Supp.2d 189, 193 (D.P.R.2010). The current petition was clearly filed over a year from the date petitioner's sentence became final and unappealable. *See e.g. Reyes v. Puerto Rico*, 977 F.Supp.2d at 111–12; *McGinn v. New Hampshire State Prison*, 2007 WL 2410383 at *2 (D.N.H. Aug. 21, 2007).

President Clinton signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which instituted a time limitation period for the filing of motions to vacate or reduce criminal federal sentences. In its pertinent part, section 2244(d)(1) reads:

A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The argument of respondents that the petition is time-barred is correct. Petitioner ignored the defense of limitations and does not describe any circumstances that fall within any of the exceptions which would equitably toll the limitations period of the statute. *See e.g. Ramos–Martinez v. United States*, 638 F.3d 315, 321–24 (1st Cir.2011); *Cintron–Boglio v. United States*, 943 F.Supp.2d 292, 298 (D.P.R. 2013).

The Commonwealth Supreme Court ruled against petitioner on September 12, 2012. The petition was filed on February 5, 2014. The current petition is therefore time-barred. And there is nothing in the

record to suggest that petitioner could not have filed this petition for extraordinary relief within the time allowed by federal statute.

## III. CONCLUSION

Petitioner Ramiro Nazario–Baez has sought federal habeas corpus relief but ultimately the issues raised have been resolved against him without any offense to the United States Constitution. Furthermore, under the AEDPA, the petition is time-barred. Therefore I recommend that the motion to dismiss (Docket No. 15) be granted and that this action brought under 28 U.S.C. § 2254 be dismissed for lack of subject matter jurisdiction.

It is also my recommendation that no certificate of appealability issue should petitioner file a notice of appeal, because there is no substantial showing of the denial of a constitutional right within the meaning of Title 28 U.S.C. § 2253(c)(2). *Miller–El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Barrow v. United States,* 990 F.Supp.2d 76, 78–79, 2013 WL 6869654 at *2 (D.P.R. 2013).

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within fourteen (14) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. *See Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir.1992); *Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985 (1st Cir.1988); *Borden v. Secy. of Health & Human Serve.,* 836 F.2d 4, 6 (1st Cir.1987); *Scott v. Schweiker,* 702 F.2d 13, 14 (1st Cir.1983); *United States v. Vega,* 678 F.2d 376, 378–79 (1st Cir.1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir.1980).

At San Juan, Puerto Rico, this 19th day of May, 2014.