**Manuel CONTRERAS, Plaintiff**

v.

**Guillermo SOMOZA, Defendant.**

**Civil No. 12–1685CCC.**

United States District Court,
D. Puerto Rico.

Signed June 23, 2015.

Manuel Contreras, Penuelas, PR, pro se.

Jaime J. Zampierollo–Vila, Yadhira Ramirez–Toro, Puerto Rico Department of Justice, San Juan, PR, for Respondent.

## ORDER

CARMEN CONSUELO CEREZO, District Judge.

Having considered the complaint filed by petitioner Manuel Contreras *pro se* and all its attachments (D.E. 4), the Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (**D.E. 14**) filed by respondent César Miranda–Rodríguez, the current Attorney General of the Commonwealth,[1] and the Report and Recommendation filed by U.S. Magistrate–Judge Arenas on June 1, 2015 (**D.E. 20**), which remains unopposed, said Report and Recommendation is APPROVED and ADOPTED and respondent Miranda–Rodríguez, Motion to Dismiss is GRANTED given that this action is barred by the one-year statute of limitations established in 28 U.S.C. 2244(d)(1). Judgment shall be entered accordingly.

SO ORDERED.

---

1. Petitioner named as respondent in his complaint the then Attorney General of the Commonwealth, Mr. Guillermo Somoza. Mr. Somoza has been automatically substituted as a

*MAGISTRATE JUDGE REPORT AND RECOMMENDATION*

JUSTO ARENAS, United States Magistrate Judge.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On September 1, 2006, now petitioner under 28 U.S.C. § 2254 Manuel Contreras was sentenced by the San Juan Superior Court to 48 years of imprisonment for second-degree murder, and weapons law violations. (Case No. KVI2005–G0116). (Docket No. 4 at 4). Petitioner appealed that sentence and on August 14, 2009, the Puerto Rico Court of Appeals affirmed the judgment of conviction. (Case No. KLAN2007–0053). *Pueblo v. Contreras,* 2009 WL 5842152 (T.C.A., June 30, 2009). That decision was further reviewed by the Supreme Court of the Commonwealth of Puerto Rico, and affirmed on September 3, 2010. Petitioner sought no further review of the judgment of conviction, either directly or through collateral attack via motion to vacate sentence or for new trial under Rule 192.1 of the Puerto Rico Rules of Criminal Procedure.

This matter is before the court on pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by Manuel Contreras on August 21, 2012. (Docket No. 4). Petitioner argues that he was incriminated in relation to crimes he did not commit, but rather as the result of discrimination and fabrication of charges by an "unlawful" agent, Terrence R. Torres, (badge number 31253), of the homicide division of San Juan. He alleges that the persecution occurred all because he did not want to risk his life and become a secret informant. Even to this day, there is another case

party by the Hon. César Miranda–Rodríguez, the current holder of the position, pursuant to Fed.R.Civ.P. 25(d).

pending against him because of this agent. (Docket No. 4 at 11). He notes that he had a DNA test performed and was never read the results of the same. (Docket No. 4 at 12). He notes that agent Torres told him that he would pin any other case that was related to him directly as well as the present case, unless he became his informant.

Petitioner informs that when he was before the "grand jury" he was handcuffed and shackled and in prison clothes and that therefore the jury saw him in an incriminating manner. Petitioner also complains of the inadequate performance of his attorney who did not confront the witnesses the way she should have and did not object at his being presented in front of the jury in prison garb and shackles.

Petitioner also argues that the witnesses were also fabricated and that one of them, Manuel Buten, was never submitted to a line-up to identify anyone. Nor could he say that he saw the face of petitioner nor of anyone. "They" also said so during trial and "they" never saw him nor knew him. (Docket No. 4 at 13).

The Commonwealth of Puerto Rico filed a responsive pleading on April 8, 2015 seeking dismissal of the petition for failure to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure. (Docket No. 14). It argues that the petition was filed two years after petitioner's sentence became final and is therefore time-barred. It also alleges that petitioner has failed to exhaust available state remedies and that consequently the petitioner must be dismissed because it is a mixed petition which includes exhausted and unexhausted claims.

Because petitioner appears *pro se*, his pleadings are considered more liberally, however inartfully pleaded, than those penned and filed by an attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct.

2197, 167 L.Ed.2d 1081 (2007); *Paez-Fontana v. U.S.*, 31 F.Supp.3d 328, 331 (D.P.R. 2014); *Campuzano v. United States*, 976 F.Supp.2d 89, 97 (D.P.R.2013); *Proverb v. O'Mara*, 2009 WL 368617 at *1 (D.N.H. Feb. 13, 2009). Notwithstanding such license, petitioner's *pro se* status does not excuse him from complying with both procedural and substantive law. *See Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997); *Nazario-Baez v. Batista*, 29 F.Supp.3d 65, 69 (D.P.R.2014); *Boudreau v. Englander*, 2009 WL 2602361 at *1 (D.N.H. Aug. 24, 2009). *Proverb v. O'Mara*, 2009 WL 368617 at *1 (D.N.H. Feb. 13, 2009).

## II. ANALYSIS

A federal court will consider an application for a writ of habeas corpus, when a petitioner asserts that his conviction is in violation of the Constitution of the United States. 28 U.S.C. § 2254(a). "It is commonly said that 'mere' errors under state law in the admission of evidence are not recognizable under federal habeas review. This means that the question is not whether the admission of the evidence was state-law error, but whether any error rendered the trial so fundamentally unfair that it violated the Due Process Clause." *Kater v. Maloney*, 459 F.3d 56, 64 (1st Cir.2006); *Nazario-Baez v. Batista*, 29 F.Supp.3d at 68; *Collanzo v. Gerry*, 2010 WL 428960 at *3 (D.N.H. Jan. 29, 2010). Title 28 U.S.C. § 2254(d) reads thus:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Feder-

al law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)

As a threshold matter, petitioner also raises the ineffective assistance of counsel in her allowing certain matters to be presented to the jury and for her performing poorly in allowing certain evidence to be presented before the jury.

## A. INEFFECTIVE ASSISTANCE OF COUNSEL

In asserting ineffective assistance of counsel, (which petitioner has done in a perfunctory manner) the petitioner has the burden of proving that his counsel failed to provide adequate legal assistance and that the assistance provided to him was below an objective standard of reasonableness. *Strickland v. Washington,* 466 U.S. 668, 686–688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Downs–Moses,* 329 F.3d 253, 265 (1st Cir.2003). He must also show that the outcome of the proceedings would have been altered if his counsel had provided effective legal assistance. *See Strickland v. Washington,* 466 U.S. at 682, 104 S.Ct. 2052.

"In all criminal prosecutions, the accused shall enjoy the right to ... the Assistance of Counsel for his defence." U.S. Const. amend. 6. The right to counsel is "the right to the effective assistance of counsel." *McMann v. Richardson,* 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), citing, among others, *Powell v. Alabama,* 287 U.S. 45, 57, 53 S.Ct. 55, 55–60, 77 L.Ed. 158 (1932). See *Pinillos v. U.S.,* 990 F.Supp.2d 83, 94 (D.P.R.2013). To establish a claim of ineffective assistance of counsel, a petitioner "must show that counsel's performance

was deficient," and that the deficiency prejudiced the petitioner. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

" '[J]udicial scrutiny of counsel's performance must be highly deferential,' and 'every effort [should] be made to eliminate the distorting effects of hindsight.' " *Argencourt v. United States,* 78 F.3d 14, 16 (1st Cir.1996) (quoting *Strickland v. Washington,* 466 U.S. at 689, 104 S.Ct. 2052); *see United States v. Valerio,* 676 F.3d 237, 246 (1st Cir.2012); *United States v. Rodriguez,* 675 F.3d 48, 56 (1st Cir.2012); *Pinillos v. U.S.,* 990 F.Supp.2d at 94. The test includes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Smullen v. United States,* 94 F.3d 20, 23 (1st Cir.1996) (quoting *Strickland v. Washington,* 466 U.S. at 689, 104 S.Ct. 2052).

The second element of the two-part test "also presents a high hurdle. 'An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.' " *Argencourt v. United States,* 78 F.3d at 16 (quoting *Strickland v. Washington,* 466 U.S. at 691, 104 S.Ct. 2052). There must exist a reasonable probability that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Dugas v. Coplan,* 428 F.3d 317, 334 (1st Cir.2005) (quoting *Strickland v. Washington,* 466 U.S. at 694, 104 S.Ct. 2052). "[A] reasonable probability is one 'sufficient to undermine confidence in the outcome.' " *González–Soberal v. United States,* 244 F.3d 273, 278 (1st Cir.2001) (quoting *Strickland v. Washington,* 466 U.S. at 694, 104 S.Ct. 2052); *see Turner v. United States,* 699 F.3d 578, 584 (1st Cir. 2012).

## B. STANDARD OF REVIEW, RULE 12(b)(6)

Respondent has moved under Fed. R.Civ.P. 12(b)(6) for dismissal of the complaint. Federal Rule of Civil Procedure 12(b)(6) allows for the dismissal of an action for "failure to state a claim upon which relief can be granted[.]" Fed. R.Civ.P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 5[4]7, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)); *Reyes v. Puerto Rico*, 977 F.Supp.2d 107, 111 (D.P.R.2013); *Arroyo–Perez v. Demir Group Intern.*, 733 F.Supp.2d 322, 323 (D.P.R.2010); *Nazario–Baez v. Batista*, 29 F.Supp.3d at 69; *Wallace v. State of New Hampshire*, 2010 WL 520904 at *1 (D.N.H. Feb. 9, 2010); *Legere v. Gerry*, 2010 WL 398960 at *1 (D.N.H. Jan. 27, 2010).

Further, "[i]n ruling upon a [Federal] Rule [of Civil Procedure] 12(b)(6) motion, the court must accept as true all the well-pleaded factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiff." *Marrero Gutiérrez v. Molina*, 447 F.Supp.2d 168, 172 (D.P.R. 2006) (citing *Perry v. New England Bus. Serv., Inc.*, 347 F.3d 343, 344 (1st Cir. 2003)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 127 S.Ct. 1955); *Reyes v. Puerto Rico*, 977 F.Supp.2d at 111. In a situation "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679, 129 S.Ct. 1937 (quoting Fed. Rule Civ. P. 8(a)(2)); *Nazario–Baez v. Batista*, 29 F.Supp.3d at 69; *Arroyo–Perez v. Demir Group Intern.*, 733 F.Supp.2d at 323.

"'The general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief.... This short and plain statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' *Medina v. Toledo*, 718 F.Supp.2d 194, 201 (D.P.R.2010) (quoting *Gargano v. Liberty Int'l Underwriters, Inc.*, 572 F.3d 45, 48 (1st Cir.2009))". *Luis Santiago v. Santiago*, 731 F.Supp.2d 202, 205 (D.P.R.2010), cited in *Reyes v. Puerto Rico*, 977 F.Supp.2d at 111. The petition is certainly brief with an 80 page attachment of a state pleading written in the Spanish language. However, ultimately, the petition suffers from a procedural defect in terms of its timeliness.

## C. LIMITATIONS

The Antiterrorism and Effective Death Penalty Act instituted a limitations period of one year from the date on which a prisoner's conviction became final within which to seek federal habeas relief. *See Pratt v. United States*, 129 F.3d 54, 58 (1st Cir.1997); *Diaz–Castro v. Roman–Roman*, 683 F.Supp.2d 189, 193 (D.P.R.2010). The current petition was filed two years from the date petitioner's sentence became final and unappealable and one year after the limitations period expired. *See e.g. Nazario–Baez v. Batista*, 29 F.Supp.3d at 70; *McGinn v. New Hampshire State Prison*, 2007 WL 2410383 at *2 (D.N.H. August 21, 2007).

President Clinton signed into law the Antiterrorism and Effective Death Penalty

Act of 1996 ("AEDPA"), which instituted a time limitation period for the filing of motions to vacate or reduce criminal federal sentences. In its pertinent part, section 2244(d)(1) reads:

A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The primary argument of the Commonwealth that the petition is time-barred is correct. As the respondent points out, the petition does not describe any circumstances that fall within any of the exceptions which would equitably toll the limitations period of the statute. *See e.g. Ramos–Martinez v. United States,* 638 F.3d 315, 321–24 (1st Cir.2011); *Nazario–Baez v. Batista,* 29 F.Supp.3d at 70; *Cintron–Boglio v. U.S.,* 943 F.Supp.2d 292, 298 (D.P.R.2013). For example, considering the most generous scenario, a conviction is not final as long as the defendant can appeal either the conviction or the sentence imposed upon him. *Griffith v. Kentucky,* 479 U.S. 314, 321, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987); *United States v. Colvin,* 204 F.3d 1221, 1224 (9th Cir.2000). Accordingly, as in section 2255 motions, the judgment is considered to be "final" when the Supreme Court denies a petition for a writ of certiorari, and it is from that date that the limitations period starts to run. *See Griffith v. Kentucky,* 479 U.S. at 321 n. 6, 107 S.Ct. 708; *United States v. Marcello,* 212 F.3d 1005, 1008 (7th Cir.2000); *United States v. Thomas,* 203 F.3d 350, 352–53 (5th Cir.2000) (and cases therein cited).

The Commonwealth appellate court ruled against petitioner on September 3, 2010. The current petition is therefore time-barred. And there is nothing in the record to suggest that petitioner could not have filed this petition for extraordinary relief within the time allowed by federal statute. Furthermore even if equitable tolling were to have been prevailed, the record would not support his petition. Petitioner focuses on Mr. Buten not being able to identify him in a line up or photo spread. Indeed there was another witness who could not identify his face in a photo spread. However, the way he was dressed was described and there was one witness, a waitress, Madeline Gonzalez Santana, who witnessed the struggle between the victim (a policeman) and petitioner at a close up range, and clearly identified petitioner as the perpetrator. The Court of Appeals also reviewed the record as to allegations of inadequate representation and found those allegations to be without merit. It found the argument related to prison garb insufficiently developed and thus did not entertain the same. Thus, the appellate court considered the matter of effective assistance of counsel and in and out-of-court identification, as well as credi-

bility issues in the weighing of the evidence. The appellate court noted that the argument as to the wearing of prison garb in the presence of the jury, and the wearing of shackles was not developed in the two opportunities petitioner had to develop such argument, that is, in his initial appellate brief and in his supplemental brief. In the current petition, petition has presented the same bare bones allegation and it thus rests undeveloped. It is a settled rule that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Nikijuluw v. Gonzales*, 427 F.3d 115, 120 n. 3 (1st Cir.2005); *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir.1990), cited in *United States v. Diaz–Castro*, 752 F.3d at 114 n. 10; *Baerga–Suarez v. U.S.*, 30 F.Supp.3d 91, 110 (D.P.R.2014).

## D. EXHAUSTION OF REMEDIES

In order for a habeas petition to be granted a petitioner must show that he has exhausted all of his present federal and state claims in state court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *see also Adelson v. DiPaola*, 131 F.3d 259, 262 (1st Cir.1997). In this case, petitioner must show that he applied for available collateral Commonwealth relief pursuant to Rule 192.1 of the Puerto Rico Rules of Criminal Procedure and that he has presented both his state and federal claims in state court. 34 L.P.R.A App. II R. 192.1. See *Perez–Arocho v. Wanders*, 2014 WL 859091 at \*2 (D.P.R. February 28, 2014). Alternatively, he may show that he moved for habeas corpus relief under Section 1741 of the Puerto Rico Code of Criminal Procedure, 34 L.P.R.A. §§ 1741–43. See *Cruz–Gonzalez v. Negron–Fernandez*, 2015 WL 1470582 at \*5 (D.P.R. March 31, 2015); *Atiles–Gabriel v. Pagan–Monje*, 2013 WL 5306703 at \*2 (D.P.R. September 20, 2013).

The exhaustion requirement was designed to reduce friction between the federal and state systems and provide state courts with the opportunity to "pass upon and correct alleged violations of prisoners' federal rights." *Duckworth v. Serrano*, 454 U.S. 1, 3, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981); *See Rose v. Lundy*, 455 U.S. 509, 518–19, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

The exhaustion requirement, however, is not easily satisfied by the petitioner presenting facts underlying his claim before the highest court of the state. *Barresi v. Maloney*, 296 F.3d 48, 51 (1st Cir.2002); *see Picard v. Connor*, 404 U.S. 270, 277–278, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). A petitioner must present his federal claims to the state's highest tribunal, in such a manner that a reasonable trier of fact "would have been alerted to the existence of the federal question." *Casella v. Clemons*, 207 F.3d 18, 20 (1st Cir.2000); *see Barresi v. Maloney*, 296 F.3d at 51; *Esteves–Gonzalez v. Ocasio*, 2012 WL 1110579 at \*3 (March 30, 2012). Furthermore, he must "elucidate the legal foundation of his federal claim." *Adelson v. DiPaola*, 131 F.3d at 262; *see Domaingue v. Butterworth*, 641 F.2d 8, 12 (1st Cir.1981); *Fillippini v. Ristaino*, 585 F.2d 1163, 1165 (1st Cir.1978).

There is an exception to the exhaustion rule. "If there is no opportunity [for the petitioner] to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief," then the habeas petition will be considered by the federal court. *Duckworth v. Serrano*, 454 U.S. at 3, 102 S.Ct. 18. In cases where an individual has submitted a mixed petition of exhausted and unexhausted claims, like in the present case, the majority of the Courts of Appeals at one time have allowed such petitions to be reviewed. *Rose v. Lundy*, 455 U.S. at 514 n. 5, 102 S.Ct. 1198. Nevertheless,

now, after the exhaustion requirement has been met, a petitioner has the burden of proving the incorrectness of the state court's judgment by providing "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). If he unable to do so, his claim must thus rely on (1) a new rule of constitutional law that was previously unavailable, or (2) a factual predicate that could not have been previously discovered, but would have resulted in a different outcome in the trial. 28 U.S.C. § 2254(e)(2).

In any event, in the case of this mixed petition, it is clear that the district court must dismiss the entire petition. *Gonsalves v. Thompson,* 396 F.Supp.2d 36, 43 (D.Mass.2005) citing *Rose v. Lundy,* 455 U.S. at 510, 102 S.Ct. 1198; *Ruiz–Rodriguez v. Miranda–Rodriguez,* 2012 WL 4508126 at *5 (D.P.R. Sept. 28, 2012). Petitioner has not shown cause for his procedural default and thus cannot reach the cause and prejudice standard for this extraordinary remedy. See e.g. *Rivera–Valentin v. Ferrer–Roman,* 2012 WL 4892854 at *3 (D.P.R. Oct. 12, 2012). He was given the opportunity to present the current grounds for relief in state court, did not present all of them, and has failed to present any reasons for not so presenting them. In some cases of mixed petition, there are grounds for a "stay and abeyance" of proceedings under limited circumstances. *Rhines v. Weber,* 544 U.S. 269, 277, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). This is not such a case. See *Esteves–Gonzalez v. Ocasio,* 2012 WL 1110579 at *4, citing *Gonsalves v. Thompson,* 396 F.Supp.2d at 43, citing *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198.

## III. RECOMMENDATION

Petitioner Manuel Contreras has sought habeas corpus relief but under the AEDPA, the petition is time-barred. For the court to enter into the merits of the petition, it would be ignoring the clear Congressional mandate supporting the ends of finality in criminal proceedings. Petitioner has presented no grounds for equitable tolling where the court would be allowed to intuit his entitlement to relief. Indeed, his arguments presented here, except for the one related to his being prosecuted by the homicide agent, have been considered as much as possible and resolved against him in the state proceedings. This is readily concluded by a review of the certified translations of state court decisions and pleadings filed in support of the motion to dismiss (Docket No. 18–1–2, 3). It is difficult to ignore the fact that petitioner presented two of his claims to the Commonwealth Supreme Court, bypassed Commonwealth collateral review of his convictions and waited two years to present this petition for a writ of habeas corpus. Therefore I recommend that respondent's motion to dismiss (Docket No. 14) be granted and that this action brought under 28 U.S.C. § 2254 be dismissed based upon the defense of limitations, and also because petitioner has failed to exhaust available state remedies. See *Molina v. Puerto Rico,* 884 F.Supp.2d 1, 2 (D.P.R.2012); *Torres–Martinez v. Puerto Rico,* 2011 WL 6934771 (D.P.R. Dec. 30, 2011); *Ortiz–Sanchez v. de Leon,* 2011 WL 4625977 at *2 (D.P.R. Sept. 20, 2011); *Romero–Hernandez v. Matias–De Leon,* 796 F.Supp.2d 290, 292–93 (D.P.R.2011).

Based upon the above, I also recommend that no certificate of appealability be issued, because there is no substantial showing of the denial of a constitutional right within the meaning of Title 28 U.S.C. § 2253(c)(2). *Miller–El v. Cockrell,* 537 U.S. 322, 336–38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Lassalle–Velazquez v. United States,* 948 F.Supp.2d 188, 193 (D.P.R.2013).

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within fourteen (14) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. *See Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir.1992); *Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985 (1st Cir.1988); *Borden v. Sec'y of Health & Human Servs.,* 836 F.2d 4, 6 (1st Cir.1987); *Scott v. Schweiker,* 702 F.2d 13, 14 (1st Cir.1983); *United States v. Vega,* 678 F.2d 376, 378–79 (1st Cir.1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir.1980).

At San Juan, Puerto Rico, this 1st day of June, 2015.